Ex parte WHITTEN.

(Circuit Court, D. Connecticut. April 4, 1895.)

HABEAS CORPUS—CONFLICTING STATE AND FEDERAL JURISDICTION—COMITY.

A person under indictment for crime in Connecticut, who has been extradited from Massachusetts, will not be discharged on habeas corpus by the federal courts on the ground that the indictment is invalid, or that petitioner was not a fugitive from justice, until such questions have been first passed on by the state court.

Petition of one Whitten for a writ of habeas corpus. Heard on motion to quash the return.

Wm. H. Baker and A. D. Penney, for petitioner.
T. E. Doolittle and L. N. Blydenburgh, for the State.

TOWNSEND, District Judge. Petition for a writ of habeas corpus alleging that the petitioner is a citizen of the state of Massachusetts, and that he is now detained in Connecticut, in violation of the constitution and laws of the United States. The writ was issued, and the sheriff brought the petitioner into this court, and made return, as to the cause of his detention and imprisonment, that he was committed to jail by virtue of a mittimus, in the form provided for by statute, duly issued by a justice of the peace on the application of the bondsman upon oath that the petitioner intended to abscond. A hearing was had upon a motion to quash the return. As counsel have asked for a speedy disposition of the case, I have confined myself herein to a brief statement of my conclusions. The petitioner was arrested in Massachusetts, and brought into this state under a warrant issued by the governor of Massachusetts upon the requisition of the governor of Connecticut, accompanied by a certified copy of the indictment charging the crime, and an affidavit that the petitioner was a fugitive from justice. It is claimed in support of the petition that the indictment was procured by mistake, and that the prisoner was not in fact a fugitive from justice. These claims are denied by the attorney for the state. In view of the conclusions reached, it is not necessary to pass upon these questions of fact. It may be assumed, in the disposition of this motion, that the allegations in the petition are true. Counsel for the petitioner claims that he can prove, in the first place, that the indictment is invalid or void by reason of some mistake on the part of the grand jury. But the effect of an inquiry into this question, assuming such evidence to be admissible and true, would be to call upon the federal court to examine into the proceedings under which said indictment was obtained, and to determine collaterally its sufficiency under the laws of this state. It has been repeatedly decided by the supreme court of the United States, in cases of this character, that while the federal court may have power, in its discretion, to issue writs of habeas corpus to state courts in cases of urgency, and where it appears that the petitioner is restrained of his liberty in violation of his rights under the constitution, the exercise of such power, before the question

has been raised or determined in the state court, is one which ought not to be encouraged. As is said by Mr. Justice Brown, delivering the opinion of the supreme court in Cook v. Hart, 146 U. S. 183, 195, 13 Sup. Ct. 40:

"The party charged waives no defect of jurisdiction by submitting to a trial of his case upon the merits, and we think that comity demands that the state courts, under whose process he is held, and which are equally with the federal courts charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance. Should such rights be denied, his remedy in the federal court will remain unimpaired."

It is further claimed that the petitioner was not a fugitive from justice, and that, inasmuch as extradition proceedings are based upon the statutes of the United States, the question whether he was in fact such fugitive is a federal question, which it is the duty of this court to decide. But it is not denied that the demand made upon the executive authority of the asylum state, and his action thereon, were proper in form, and it will not be assumed in advance that he has surrendered the petitioner upon insufficient evidence. In Ex Parte Reggel, 114 U. S. 642, 5 Sup. Ct. 1148, the prisoner was arrested under authority of a warrant of the governor of Utah, upon a requisition from the governor of Pennsylvania, representing that the accused was a fugitive from justice. He applied for a writ of habeas corpus, on the ground that the evidence was insufficient to show that he was a fugitive from justice, and, the application being denied, he carried the case to the supreme court of the United States. The court in its opinion on that point said as follows:

"If the determination of that fact by the governor of Utah, upon evidence introduced before him, is subject to judicial review, upon habeas corpus, the accused in custody under his warrant, which recites the demand of the governor of Pennsylvania, accompanied by an authentic indictment charging him, substantially in the language of her statutes, with a specific crime committed within her limits, should not be discharged merely because, in the judgment of the court, the evidence as to his being a fugitive from justice was not as full as might properly have been required, or because it was so meager as, perhaps, to admit of a conclusion different from that reached by him. In the present case, the proof before the governor of Utah may be deemed sufficient to make a prima facie case against the appellant as a fugitive from justice, within the meaning of the act of congress."

I do not mean to be understood as denying the right to this prisoner, at an appropriate time, to introduce evidence that he was not a fugitive from justice, or that the evidence before the governor of Massachusetts was insufficient to authorize his action; nor do I intend at this time to pass upon the merits of this or any other questions presented, nor to intimate what disposition might be made of these claims, in case they were brought before this court after final action in the state court. All that is now decided is that it must be assumed in advance that the petitioner may obtain all the protection to which he may be entitled in the courts of this state. In New York v. Eno, 155 U. S. 89, 15 Sup. Ct. 30, the supreme court of the United States held that the state court of original jurisdiction was competent to decide questions of this character in the first instance, and that its obligation to render such decision

as would give full effect to the supreme law of the land, and protect any right secured by it to the accused, was the same as that resting upon the courts of the United States. If the final judgment of the state court be adverse to this petitioner, he may then invoke the protection of the federal court in case of any denial of his constitutional right. In Robb v. Connolly, 111 U. S. 624, 4 Sup. Ct. 544, the supreme court expressly decides that the states have the right, by their own courts, to inquire into the grounds upon which any person, within their respective limits, is restrained of his liberty, and to discharge him from arrest if such restraint is illegal, even though such illegality arise from a violation of the constitution or laws of the United States. In view of the principles of right and law underlying the forbearance which the federal and state courts exercise towards each other in order to avoid conflict, I should not be justified in passing upon such questions in advance of the proceedings in the state courts. In the brief time which has elapsed since the argument, I have examined most of the cases cited by counsel for the petitioner in support of his claims. They show that whenever a federal court has inquired into the constitution of a grand jury, or the validity of indictments found by it, the original case either arose in a federal court, or, as in Ex parte Farley, 40 Fed. 66, the petition for the writ was brought after trial in the state court. The conclusions announced are confirmed by the very recent decision of the supreme court of the United States in Pearce v. State, 15 Sup. Ct. 116, which I have examined since the argument. In that case the asylum state refused to inquire into the sufficiency of the indictment, but left those questions to be determined by the demanding state. The supreme court held that such refusal did not deny to the petitioner any constitutional right. The motion to quash the return is denied, without prejudice to the petitioner to hereafter renew his petition to this court, provided the circumstances render it proper to do so.