## H. H. Hall v. The State.

### No. 4209.   Decided October 18, 1916.

**1.—School Law—Independent School District—Treasurer—Information.**

Where the information charged the defendant with having failed to make a report as treasurer of an independent school district, etc., and said omission was not made a penal offense and a penalty affixed thereto by the written law of this State, the cause must be remanded and the information dismissed.

**2.—Same—Codifiers—Statutes Construed—Penalty Omitted.**

Where the penalty provided for in the previous Act was never carried forward into the Revised Penal Code of 1911 by the codifiers, who omitted the specific penalty and simply provided for a punishment as provided in the Penal Code, without specifying the penalty, no one can be punished thereunder.

**3.—Same—Statutes Construed—Independent School District.**

Article 2851, section 149, of the Acts of 1905, provides for certain towns to form independent school districts, which may include within its limits incorporated towns, but such towns shall not have the right to assume control of the schools in such independent school districts; and article 1580, Penal Code of 1911, is not broad enough in its scope to embrace the treasurer of such town in said independent school district, and applies only to such treasurers of cities and towns having exclusive control of its schools.

**4.—Same—Information—Treasurer—Independent School District.**

Where the information charged the defendant as the treasurer of a certain town which had formed an independent school district for failing to make an annual report of the school funds of said district, but it appeared by the terms of article 2851, Revised Civil Statutes, that said town could never assume exclusive control of the schools of said district, the treasurer of said town within the limits of said district would not be guilty of a criminal offense under article 1580, Penal Code, for failing to make such report, and such information failed to charge any violation of the Penal Code, and is, therefore, insufficient, and the cause will be reversed and dismissed.

**5.—Same—Legislation Suggested.**

Whereas, the Civil Statutes, pertaining to the school law, require certain reports to be made to the State Superintendent, but no penalty is provided by the Penal Code for the officers failing to make such report, the attention of the Legislature is called to such defect.

Appeal from the County Court of Jones. Tried below before the Hon. J. F. Lindsey.

Appeal from a conviction of failing to make an annual report as treasurer of an independent school district to the Superintendent of Public Instruction; penalty, a fine of seventy-five dollars.

The opinion states the case.

*Davenport & Davenport,* for appellant.—Citing the following cases: Graham v. State, 13 S. W. Rep., 1013; Williams v. State, 7 id., 661; Irwin v. State, 8 id., 681; Hargrove v. State, 30 id., 801.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted for failing to make a report as treasurer of an independent school district, the information,

omitting formal parts, reading as follows: "That H. H. Hall, on or about the 1st day of October, A. D. 1914, and before the filing of this information, in the County of Jones and State of Texas, was then and there the treasurer of the school funds of the Avoca Independent School District, in said County of Jones, and State of Texas, for the year of A. D. 1913 and 1914, and the said H. H. Hall, as treasurer aforesaid, was on the 1st day of October, A. D. 1914, or not later than twenty days thereafter, required by law, and by the State Superintendent of Public Instruction of the State of Texas, to make an annual statement of the school funds of said Avoca Independent School District, on the 1st day of October, A. D. 1914, and not later than twenty days thereafter, and the said H. H. Hall did then and there on the 1st day of October, 1914, and within twenty days thereafter, wilfully fail to make to the State Superintendent of Public Instruction of the State of Texas, as required by law and by the State Super- intendent of Public Instruction of the State of Texas, an annual statement of the school funds of the .said Avoca Independent School District, aforesaid, as required by law and the State Superintendent of Public Instruction, aforesaid, and after the said State Superintendent of Public Instruction, aforesaid, had furnished to the said H. H. Hall the necessary blanks and forms for making said annual statement afore- said."

Appellant earnestly insists that this information charges no offense, and, therefore, this case should be reversed and dismissed. Article 3 of our Penal Code provides that in order to make the system of penal law in force in this State complete, it is declared that no person shall be punished for any act or omission unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State; and if this prosecution is sustained it must be by virtue of article 1580 of the Revised Criminal Statutes of 1911, which reads: "Any county or city, or treasurer of the school board of a city or town having exclusive control of its schools, failing to make and transmit the report required by law shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than $50 nor more than $500."

Our school laws have been changed, amended and re-enacted so fre- quently it is rather difficult to the writer to obtain a clear conception of the laws governing in school affairs. We find in 1893 a rather general revision of the laws governing our schools (chap. 122, Session Acts, p. 182 et seq.), and by its terms sections 25, 26 and 26a two separate and distinct character of reports are provided for and two separate and distinct offenses created with penalties differing in the minimum sum to be assessed. In the revision of 1895, section 25 of the Acts of 1893 was carried forward into the Revised Statutes as article 3917, retaining the penalty for failure to make reports to the State Superintendent as therein provided. Section 26, providing for financial reports to the Commissioners Court, was carried forward into

the Revised Statutes of 1895 as article 3936, and section 26a of the Act, providing a penalty for failure to comply with section 26, was carried forward into the Revised Penal Code of 1895 as article 1013b. The penalty for failure to comply with section 25 was not carried into the Penal Code, but was carried into the Civil Statutes as part of article 3917.

In 1905 the Legislature again codified the school laws, the Act being chapter 124, page 265, Session Acts. Section 25 of the Acts of 1893. and which was article 3917 of 1895, Revised Statutes, was re-enacted without change as section 48, and provided a penalty for failure to comply with its provisions.

Section 26 of the Acts of 1893, article 3936, Revised Statutes, was brought forward as section 49 of the Acts of 1905, but its provisions were changed in this particular: The reports theretofore required to be made to the Commissioners Court were required to be made to the State Superintendent of Public Instruction. Both sections were valid, and provided different penalties for failure to comply with their terms. And this was the law until the revision of 1911. In the revision of 1911 old section 26, which was carried into revision of 1895 as article 3936 and re-enacted as amended as section 49 of the Acts of 1903, was carried forward in this revision as article 3773, and is broad enough in its scope to embrace all treasurers of school funds, but the penal feature which was carried forward into the Code of 1911 is not so broad in its language, it providing for the punishment of only the officers named in that article of the Code. It is hereinbefore copied, and refers back as passed in 1893, page 188, and which was the penalty for failure to comply with section 26 of the Acts of 1893, section 49 of the Act of 1905, and brought forward in the revision. of 1911 as article 2773.

Section 25, which carried a different penalty for its violation, and which was re-enacted in 1905 as section 48, retaining the same penalty for its violation, was carried into the revision of 1911 as article 4515, but in carrying it into the revised code the phraseology was changed. When section 25 was re-enacted as section 48 in 1905 it provided that the persons who failed to make the reports therein required to be made should be deemed guilty of a misdemeanor, and upon conviction should be fined not less than $25 nor more than $500. The codifiers changed the phraseology and provided that the persons failing to comply with its provisions should be deemed guilty of a misdemeanor, and upon conviction "shall be fined as provided in the Penal Code." The penalty provided for the violation of this section of the Act when passed (carried into the revision as article 4517) was never carried into the Penal Code. The revisers changed the language from providing for a specific penalty for its violation by fine of not less than $25 nor more than $500, to read as provided in the Penal Code, and then did not carry this penalty into the Code, but omitted it both from the civil and criminal codes.

We ·can then look only to article 1580 of the Penal Code and see if it is broad enough in its terms ·to embrace the offense charged in the information in this case.  If so, by the wording of the Code we, per- haps, would be authorized. to apply its provisions to a violation of article 4517 as well as article 2773, to which it originally only applied, but in this case appellant is charged with failing to make a report as "treasurer of the Avoca Independent School District."

Article 1580 provides a punishment for no such officer, and nowhere in the Penal Code is there a provision punishing such officer, the cod- ifiers having omitted to carry into either the Revised Civil Statutes or Penal Code the penalty originally enacted as a part of section 48 of the Act of 1905, and carried forward into the revision of 1911 as article 4517.  Article 1580 provides for a punishment for a county or city treasurer, and treasurer of the school board of cities and towns having exclusive control of its schools, and no other or different officer or persons.

By reference to the laws governing our schools it will be seen that in article 2867 (section 134 of the Acts of 1905) provision is made for any city or town to assume exclusive control of the public free schools. Article 1580 is broad enough in its scope to reach the treasurers of all such schools, and by its terms includes the treasurers of such schools.

Article 2851 (section 149 of the Acts of 1905) provides for unin- corporated towns or villages, containing not less than 200 inhabitants, to form what is termed an "independent school district," and providing that while it may include within its limits incorporated towns, yet such towns shall not have the right to assume control of the schools in such independent school district.  Article 1580 is not broad enough in its scope to embrace the treasurers of such independent school districts, for it specifically provides that it applies alone to treasurers of cities and towns, and treasurers of cities and towns having exclusive control of its schools.

In the complaint and information in this case it is charged that appellant was the treasurer of an independent school district (Avoca Independent School District) and by the terms of section 2851 of the Revised Civil Statutes the town of Avoca, whether an incorporated town or not, can never assume the control of the schools of Avoca school district, and the Penal Code only providing for the punishment of treasurers of cities and towns who have assumed exclusive control of its schools who fail to make a report, it necessarily follows the information charges appellant with a violation of no provision of the Penal Code of this State, and this case must be reversed and dismissed.

The attention of the next Legislature is called to the fact that in the civil statutes they have required certain reports to be made to the State Superintendent, but in the Penal Code they have provided no punishment if such officers fail to make such reports.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*