### Ex Parte E. F. Ballard.

No. 5694.    Decided June 9, 1920.

1—Failing to Make Report of School Fund—Void Judgment—Statutes Construed.

Where relator and another were charged respectively as cashier and president of a certain bank with wilfully failing and refusing to file an-

nual report, etc., of the school funds, etc., and said bank having been made the legal depository of a certain school district, etc., no offense against the law is charged by such complaint. Following Hall v. State, 80 Texas Crim. Rep., 109.

### 2.—Same—Statutes Construed—Present Law.

See opinion for allegations necessary to charge an offense under the terms of the present law.

### 3.—Same—Appeal—Void Judgment—Rules Stated—Habeas Corpus.

Ordinarily, the relator having failed to perfect his appeal from a judgment of conviction, cannot review the matter by writ of *habeas corpus*, but the complaint in this case being of such character as that, if it be well founded, the judgment would be void, the relator's remedy is by writ of *habeas corpus*.

### 4.—Same—Rules Stated—Habeas Corpus.

Where the allegations against an indicted or convicted prisoner discloses no crime, it follows that he may be set at liberty on the writ of *habeas corpus*. Following Ex parte Kramer, 19 Texas Crim. App., 123, and other cases.

### 5.—Same—Information—Constructive Offenses—Corporation—Firm.

Our law does not recognize a corporation as a person who can be fined and imprisoned, nor are firms as such held legally liable, and the criminal statute, seeking to fix any responsibility upon a corporation or firm, must point out the officer of the one or member of the other who will be held so responsible, and not being so named in the statute, the courts are not at liberty to speculate or to penalize this or that officer of any corporation or this or that member of any firm; and the information charging no offense, the judgment resting thereon is void and the relator discharged.

From Ellis County.

Original Habeas Corpus proceedings, asking release from a conviction for failing to make a report of school funds to the Superintendent of Public Instruction; penalty, five hundred dollars and thirty days in county jail.

The opinion states the case.

*Baskett & DeLee*, for relator.—Cited: Ex parte Gregory, 1 Texas Crim. App., 753; Ex parte Boland, 11 id., 167; Ex parte Dickerson, 30 id., 448; Ex parte Degener, 30 id., 566.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Relator was convicted in the County Court of Ellis County, and seeks relief here, by writ of *habeas corpus*, from what he claims to be a void judgment. It is plain that such must appear to be the character of the judgment before we would entertain an attack upon it by such a writ.

The charge in the trial court was by complaint and information, the charging part of which is as follows:

"That one J. A. Ramsey and one E. F. Ballard, and each of them, did on or about the 1st day of October, 1918, and before the making and filing of this information, in the County of Ellis, State of Texas, did unlawfully and wilfully fail and refuse to file with the State Superintendent of Public Instruction of the State of Texas the annual report in duplicate of the receipts and disbursements of the school funds of the Ovilla Independent School District of Ellis Co., Texas for the preceding school year ending Aug. 31, 1918, on the prescribed form furnished to said J. A. Ramsey and E. F. Ballard and each of them during Aug., 1918, said J. A. Ramsey then and there being the president and said E. F. Ballard then and there being the cashier each of the Farmers & Merchants Bank of Ovilla, the said Farmers & Merchants Bank of Ovilla having theretofore been made the legal depository of said Ovilla Independent School District of Ellis Co., Texas, the said report having been required by law to be made by said Farmers & Merchants Bank of Ovilla as depository for school funds of said Ovilla Independent School District of Ellis Co., Texas, and by J. A. Ramsey, President, and by E. F. Ballard, cashier, of said bank and depository aforesaid on or before Oct. 1, 1918."

It thus appears that relator and another, who are alleged to be respectively cashier and president of the Farmers & Merchants Bank of Ovilla, Ellis County, Texas, were charged with wilfully failing and refusing to file annual reports in duplicate of receipts and disbursements for the year ending August 31, 1918, of the funds of the Ovilla Independent School District, on the prescribed form furnished said parties during August, 1918, the said bank having been made the legal depository of said school district, and the report having been required by law to be made by said bank as depository, and by said defendants as president and cashier, on or before October 1, 1918. No offense against the law is charged by this complaint, which seems to have been prepared with reference to the requirements of Article 2773, Chapter 12, Title 48, Revised Civil Statutes, which require such duplicate annual report of receipts and disbursements for the specific years ending August 31, on prescribed forms furnished by the Department of Education. After the opinion in Hall v. State, 80 Texas Crim. Rep., 109, 185 S. W. Rep., 1002, in which legislative attention was invited to the fact that the civil statutes required various reports from those connected with the schools, and that in many instances no penalty for failure was attached, the Thirty-sixth Legislature, at its regular session, in Chapter 104, passed an Act which is as follows:

"The State Superintendent of Public Instruction shall require of county judges acting *ex-officio* county superintendents of public schools, county, city and town superintendents, county and city treasurers and depositories, and treasurers and depositories of school

boards, and other school officers and teachers, such school reports relating to the school fund and other school affairs as he may deem proper for collecting information and advancing the interests of public schools, and shall furnish the county, city and town superintendents, treasurers and depositories and other school officers and teachers for the use of such teachers and officers the necessary blanks and forms for making such reports and carrying out such instructions as may be required by them and any county judge acting as *ex-offlcio* county superintendent, or county, city or town superintendent, assessor, county treasurer, county depository or treasurer or depository of any school distict or teacher who shall wilfully fail to make such report within twenty days after the same shall have been required by the State Superintendent to be filed shall be deemed guilty of a misdmeanor and shall on conviction be fined in any sum not less than $50 nor more than $500, or by confinement in the county jail for not less than thirty, nor more than sixty days, or both such fine and imprisonment, and the State Superintendent of Public Instruction shall withhold warrants for further payment of State apportionment until the aforesaid officials have made satisfactory reports as herein directed.''

Carefully examining this Act, which is the present law, it appears to us that in order to charge an offense under its terms applicable to the facts in the instant record, it would be necessary to substantially allege that the State Superintendent of Public Instruction of Texas, on some date in August, 1918, required of E. F. Ballard, who was then and there the depository of the Ovilla Independent School District of Ellis County, Texas, an annual report of the receipts and disbursements of the school fund of and belonging to said school distrct, received and disbursed during the year ending August 31, 1918, the necessary blanks for making such report having been theretofore furnished the said Ballard; and the said Ballard did then and there wilfully fail to make such report within twenty days after same was so required by said State Superintendent.

We are confronted at the threshold of the consideration of this case with the proposition that, having failed to perfect his appeal from said judgment of conviction, relator cannot now bring the matter before us for review by a writ of *habeas corpus*. This is true unless his complaint be of such character as that, if it be well founded, the judgment is void and not voidable only. Relator contends that the facts pleaded against him in the information, if true. would not constitute a violation of any law of this State, and that under such state of case, the judgment would be a nullity. In Bishop's New Proc., Vol. 2, Sec. 1410, it is said: ''Where the allegation against an indicted or convicted prisoner, discloses no crime, it seems to follow that he may be set at liberty on this writ,'' meaning the writ of *habeas corpus*. The cases cited as supporting this text, are: Ex parte McNulty, 77 Cal., 164; 11 Am. St. Rep., 257; Ex parte

Farley, 40 Fed., 66; Ex parte Kearny, 55 Cal., 212; Ex parte Kramer, 19 Texas App., 123; In re Buell, 3 Dil., 116; Ex parte Farrell, 36 Mont., 254. We do not deem the above to be in any wise in conflict with the statement of some of the courts that *habeas corpus* will not lie to test the sufficiency of a complaint or indictment. An examination of those decisions so holding, will, we think, invariably disclose a refusal by the courts of an application for a writ, when it is sought for the purpose of securing a ruling of the higher court in advance of a hearing in the trial court; or when the errors complained of are mere irregularities or defects in form. Ex parte Wolf, 55 Texas Crim. Rep., 231; Ex parte Webb, 113 S. W. Rep., 545; Ex parte Windsor, 78 S. W. Rep., 510; Ex parte Beverly, 34 Texas Crim. Rep., 644—all fall within the class just mentioned. When the contents of the indictment, if admittedly true, charge no offense, the trial court is without jurisdiction to render a judgment, and such judgment, if entered, would be a nullity. It is as though upon no pleading, the court assumed power to render a judgment. We know of no authority holding the contrary to what we have just stated. As said in Bailey on *Habeas Corpus*, Vol. 1, page 83: It matters not what the general powers and jurisdiction of a court may be, if it act without authority in the particular case, its judgments and orders are mere nullities; not voidable, but simply void; protecting no one acting under them, and constituting no hindrance to the prosecution of any right." Ex parte Lange, 8 Wall, 163; Elliott v. Piersol, 1 Pet. 328. It is said in 21 Cyc., page 296, that want of jurisdiction over person or subject-matter is always a ground for relief by *habeas corpus*, for if the court has acted without jurisdiction, its judgments or orders are absolutely void, even on collateral attack. Jurisdiction of the person of the accused, or of the class of offenses sought to be charged, is not sufficient, but there must be such jurisdiction as gives to the court the power and right to hear and determine the particular matter, and to render the particular judgment.

The next question, then, for our consideration, is whether this information charges an offense against any of our laws. There is no allegation in the information that relator was the depository of the school fund of the Ovilla Independent School District. On the contrary, it is alleged that the Farmers & Merchants Bank of Ovilla was such depository. It is nowhere alleged in said information that appellant occupied any of the positions mentioned in Chapter 104, Acts of the Thirty-sixth Legislature, *supra*. Said law requires obedience to its terms of no one not included therein. Nor could allegations in the pleading that persons were required to make reports who are not comprehended by the terms of the statute, confer any jurisdiction or authority upon the court to render judgment against such person, if it affirmatively appear from the pleading also that he is not so included in the terms of the law. To charge that A was jailor at the Ellis County jail, and B was fireman at the Ellis County court-

house, and that they were required to make reports to the State Superintendent of Education of the receipts and disbursements of the Ovilla school fund, would in no case suffice to give the courts jurisdiction to render a valid judgment against them for failure to do so, because no duty is required of those persons by said law. Neither is there any such duty required in such respect of the president, vice-president, cashier, book-keeper, clerk, or janitor of the bank which is alleged to be the depository of such funds. Our laws are intolerant of constructive offenses and punishments, and no citizen can be held liable penally except the offense charged against him be defined by written law in plain language, from whose terms he may learn what is required, and know that it is required of him. Relator is not commanded by the terms of the statute in question to make this report; nor is any construction of said law possible which would fix this duty upon him. The law says "the depository" must make the report, and mentions such depository in connection with the city and county treasurers, treasurers of school boards, and "other school officers and teachers." One would infer from the context that the depository should be an individual. Our law does not recognize a corporation as a person who can be fined and imprisoned; nor are firms as such held penally liable, and a criminal statute seeking to fix any responsibility upon a corporation or a firm, must point out the officer of the one, or the member of the other, who will be held so responsible. Not being so named in the statute, the courts are not at liberty to speculate or to penalize this or that officer of any corporation, or this or that member of any firm. We think this judgment void because the information stated no offense, and that the trial court had no jurisdiction to enter this judgment against relator.

Relator will be discharged.

*Relator discharged.*