

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~JOHANGEROMEROPERAX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John D. Reed
Commissioner
Bureau of Labor Statistics
Austin, Texas

Opinion No. O-5176

Re: Penalty for viola-
tion of Article 1577,
Penal Code, as amended.

Dear Sir:

This is with reference to your letter of April 2, 1943, reading in part as follows:

"Article 5181, R.C.S., and Article 1573 through 1578a, P.C., commonly referred to as the Child Labor Law, is placed under the jurisdiction of this Department for enforcement.

"Article 5181, R.C.S., and Article 1577, P.C., set out procedures and conditions under which a permit may be granted by a county judge to children between the ages of 12 and 15 years to enter employment.

"Articles 1573, 1574, 1575, and 1576 set out certain prohibited occupations and Article 1578a, P.C., names certain exceptions to the Act.

"In order to properly carry out the provisions of this Act, will you please advise me whether or not it is necessary for an employer of children between the ages of 12 and 15 to have posted in his place of business a permit for employment of said minor. If the posting of this permit is required what is the penalty for failure to comply with said provision?"

Article 1577, Penal Code, as amended, reads as follows:

"Upon application being made to the County Judge of any county in which any child over the age of twelve years shall reside, the earnings of which child are necessary for the support of itself, its mother when widowed or in needy circumstances, invalid father, or of other children younger than the child for whom the permit is sought, the said County Judge may upon the

affidavit of such child or its parents or guardian, that the child for whom the permit is sought is over twelve years of age, that the said child has completed the fifth grade in a public school, or its equivalent, that it shall not be employed in or around any mill, factory, workshop, or other place where dangerous machinery is used, nor in any mine, quarry or other place where explosives are used, or where the moral or physical condition of such child is liable to be injured, and that the earnings of such child are necessary for the support of such invalid parent, widowed mother or mother in needy circumstances, or of younger children, and that such support cannot be obtained in any other manner, and that suitable employment has been obtained for such child, which affidavit shall be accompanied by the certificate of a licensed physician showing that such child is physically able to perform the work or labor for which the permit is sought, issue a permit for such child to enter such employment. Every person, firm or corporation employing any such child between the ages of twelve years and fifteen years shall post in a conspicuous place where such child is employed, the permit issued by the County Judge; provided that no permit shall be issued for a longer period than twelve months, but may be renewed from time to time upon satisfactory evidence being produced that the conditions under which the former permit was issued still exists, and that no physical or moral injury has resulted to such child by reason of its employment. In every case where a permit is sought for any child between the ages of twelve years and fifteen years, the parent, guardian or other person in charge or control of such child shall appear before the County Judge in person with such child for whom a permit is sought before such permit shall be issued. Nothing in this Act shall prevent the working of school children of any age from June 1 to September 1 of each year except that they shall not be permitted to work in factory, mill, workshop, and the places mentioned in Sections 2 and 5 of this Act (Article 1574 and 1577); nor shall their hours of labor conflict with Section 4 of this Act (Article 1576)."

Substantially the same provisions are found in Article 5181, Revised Civil Statutes of 1925.

We have carefully examined the statutes and have been unable to find any statute prescribing a penalty for the violation of those acts and omissions denounced in the above quoted Article.

Article 3 of the Penal Code provides:

"In order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State."

Unless the law makes an act or omission an offense, and affixes thereto a penalty, such act or omission cannot be punished. Rogers v. State, 8 Cr. R. 401; Smith v. State, 7 Cr. R. 286; Hall v. State, 80 Cr. R. 109, 188 S.W. 1002.

While the above quoted Article 1577 requires the posting of the permit therein described, you are advised that the Legislature has failed to prescribe a penalty for failure to comply with the provisions of said article.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  s/ E. G. PHARR
E. G. Pharr
Assistant

APPROVED APR. 19, 1943

s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

EGP:db-amm

F.C.C.

APPROVED Opinion Committee

By  B.W.B. Chairman