### EX PARTE C. J. BEVERLY.

*No. 795.  Decided June 22.*

**Habeas Corpus—Validity of a Complaint.**—A party is not entitled to a writ of habeas corpus to have the sufficiency of a complaint upon which he has been arrested determined. He has no right to be discharged by writ of habeas corpus because the complaint is defective.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

The case is stated in the opinion.

*Adams & Cofer*, for relator.

*Mann Trice*, Assistant Attorney-General, for respondent.

HURT, PRESIDING JUDGE.—Relator was indicted for swindling, on the 29th day of May, 1895. The indictment was quashed, the court entering an order remanding the relator to the custody of the sheriff until the complaint could be filed against him. The complaint was filed within ten days; namely, on the same day appellant applied by writ of habeas corpus to the district judge to be discharged, contending that the complaint is insufficient. The complaint evidently attempts to charge swindling. Whether the same be sufficient or not can not be determined by writ of habeas corpus. When this complaint was filed, it was the duty of the officer within a reasonable time to take the relator before a justice of the peace for the purpose of having the cause examined as the law requires. Relator would have a right to demand that this be done, but no right to be discharged by writ of habeas corpus because the complaint is defective, if it be so. Complaint is also made of the warrant. The warrant is fatally defective, but, if relieved from custody because of the defective warrant, relator could be arrested upon the complaint by virtue of a sufficient warrant, and the relief would be in name only.

The judgment of the court below is affirmed.

*Affirmed.*

Judges all present and concurring.