## H. H. ABBOTT v. THE STATE.

### No. 2758. Decided January 27, 1904.

**1.—Scire Facias—Judgment Nisi—Statement of Facts.**

In an appeal from a judgment against the principal and sureties in a scire facias case, the statement of facts must contain the judgment nisi.

**2.—Same—Altering Complaint and Information.**

The alteration of the original complaint by the insertion of an additional count does not affect the scire facias proceeding, inasmuch as there was no alteration of the count in the information or complaint on which the judgment nisi was taken, and the complaint or information need not be introduced in evidence.

**3.—Same—Civil Procedure—Instruction.**

While a scire facias proceeding is of a criminal character, to give the Court of Criminal Appeals jurisdiction, the trial thereof is regulated by the civil procedure, and the trial court may in a proper case instruct a verdict for the State.

Appeal from the County Court of Dallas. Tried below before Hon. Ed S. Lauderdale.

Appeal from a judgment against principal and his sureties in a scire facias case.

No statement is necessary.

*Miller & Fauraker,* for appellant.—The court erred in peremptorily instructing a verdict for plaintiff; this being a criminal cause, the jury were entitled to pass upon it under proper instructions from the court as to the law in the case. 1. Scire facias cases are criminal cases and the form of trial does not and can not change this essential character. 2. The court can not grant the State a new trial, nor can it appeal from a judgment in favor of the defendant. 3. The court can not, by instructing a verdict for the State, do by indirection that which it can not do directly, to wit, set aside a verdict of the jury in favor of the defendant, however much the court might believe the jury erred in such a finding. The court gave an instruction peremptorily requiring the jury to find a verdict for the State against appellants for the sum of $250. 23 Am. and Eng. Enc. of Law, 2 ed., p. 564; Gay v. State, 20 Texas Crim. App., 504; Short v. State, 16 Texas Crim. App., 44; State

v. Ward, 9 Texas Crim. App., 462; Robertson v. State, 14 Texas Crim. App., 211; Jeter v. State, 36 Texas Crim. Rep., 555; Wills v. State, 4 Texas Crim. App., 613.

The original affidavit and information against the principal, H. H. Abbott, charged said Abbott with the offense of exhibiting a gaming table and bank. This was the charge, and the only charge, in said affidavit and information when the appellants went upon his appearance bond; this was the only count in said affidavit and information when the bond was forfeited and judgment nisi entered against these appellants May 13, 1902. On July 31, 1902, and before the term at which appellants were cited to show cause why said judgment should not be made final, a count was inserted in said affidavit and information charging simple gaming, and to this count said Abbott plead guilty, was fined, and paid his fine. This was without the knowledge or consent of appellants. Kiser v. State, 13 Texas Crim. App., 201; Culloms v. State, 16 Texas Crim. App., 274; Wagner v. State, 28 Texas Crim. App., 419; Butler v. State, 31 Texas Crim. Rep., 63.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a judgment against the principal and sureties in a scire facias case. The statement of facts fails to contain the judgment nisi, consequently the case must be reversed. Nelson v. State, 7 Texas Ct. Rep., 341.

However, appellant insists that the court should pass on two other questions which are likely to arise again in the court below. He contends that after the forfeiture of the bond and rendition of the judgment, the principal in the bond in the meantime having been rearrested, the county attorney altered the complaint and information, which was the basis of the prosecution, and inserted an additional count therein, to wit, a count for simple gaming; the original complaint and information charged exhibiting a gaming table, etc. It is contended that on account of this alteration the original complaint and information were vitiated, and thus rendered null and void, and that the scire facias case could not thereafter be prosecuted. In that connection he cites us to Kiser v. State, 13 Texas Crim. App., 201; Cullom v. State, 16 Texas Crim. App., 274; Wagner v. State, 28 Texas Crim. App., 419; Butler v. State, 31 Texas Crim. Rep., 63. We have examined these cases, and each of them involves an alteration or change in the nisi judgment, or bond. We understand that in a scire facias proceeding the judgment nisi and the bond constitute a part of the case and must be introduced in evidence. Not so with the complaint or information. These, under the judgment nisi, appear to be functus; that is, it is not necessary to introduce either the complaint or information in evidence. Martin and Neal v. State, 16 Texas Crim. App., 265. Accordingly we hold that the alteration of the complaint did not affect the scire facias proceeding. Even if it be conceded that this alteration unexplained might

have affected it, still there was no alteration of the count in the information on which the judgment nisi was taken; and the alteration was simply the inserting of another count, and on proper motion the inserted count would have been stricken out. Kiser v. State, 13 Texas Crim. App., 201.

Appellant also contends that the charge of the court which instructed the jury to find for the plaintiff was error, inasmuch as this was a criminal case, and it is not competent in a criminal case to give a peremptory instruction to the jury. While this court has held that a scire facias proceeding was of a criminal character so far as to give this court jurisdiction, yet in the trial thereof it is regulated by the civil procedure. Art. 490, Code Crim. Proc.; Short v. State, 16 Texas Crim. App., 444. If appellant's contention be correct, this case must be tried according to procedure in purely criminal cases, and the judge would be required to charge on reasonable doubt in favor of the principal and sureties on the appeal bond. We hold that where there is no controversy as to the facts proven in the scire facias proceedings, and the facts authorize a finding in favor of the State, it is not error, where the case is tried by the jury, for the court to instruct the jury to find for the State. The judgment is reversed and the cause remanded.

*Reversed and remanded.*