### EX PARTE JACK JARVIS.

No. 11277.   Delivered February 15, 1928.

**1.—Betting on Horse Race—Original Habeas Corpus—Not Proper Remedy.**

Where relator presents to this court an original application for a writ of habeas corpus to test the validity of a complaint and information filed against him in McCulloch County, charging him with book-making and betting on a horse race in violation of Arts. 647 and 648 of our penal code, his proper remedy was to contest the prosecution in the trial court, and if dissatisfied with the result to appeal to this court for review.

**2.—Same—Continued.**

The case of Ex Parte Ballard, 87 Tex. Crim. Rep. 460, relied upon by appellant has been overruled, and it now seems to be the settled policy in this state not to permit resort to habeas corpus procedings primarily for the purpose of testing the sufficiency of a complaint or indictment in advance of a trial in the lower court. See Ex Parte Oats, 91 Tex. Crim. Rep. 79, Ex Parte Mitchum, 91 Tex. Crim. Rep. 62, and other cases cited.

**3.—Same—Continued.**

In a very similar case, Ex Parte Windsor, 78 S. W. 510, this court said: "It appears from the presentation of the case that it is an attempt on the part of relator to avoid a trial in the court below and have the case tried in this court. It has frequently been held by this court that the writ of habeas corpus can only be granted in extraordinary cases, where the remedy at law is not adequate. See Ex Parte Ezell, 40 Tex. Crim. Rep. 451, and other cases cited.

Original application for writ of habeas corpus presented in this court. Writ denied.

The opinion states the case.

*J. E. Newberry* and *C. F. Greenwood* of Dallas, for relator.

*Claud Pollard,* Attorney General, *H. Grady Chandler,* Assistant Attorney General, and *A. A. Dawson,* State's Attorney, for respondent, the State of Texas.

HAWKINS, JUDGE.—By complaint and information in two counts relator was charged in the County Court of McCulloch County with bookmaking and betting upon a horse race, which are denounced as offenses by Articles 647 and 648 of the Penal Code. He applied to this court for an original writ of habeas corpus, the only purpose of which is to test the sufficiency of the information to charge an offense. No attack is made upon the validity or constitutionality of the law upon which prosecution is based. In the regular course of ordinary procedure relator could have presented to the County Court a motion to quash the information. The presumption is that the ruling of the presiding judge of that court would have been correct, and that if in his judgment the information failed to charge an offense he would have so held. If relator was not satisfied with the action of that court he could come to this court by the statutory method of appeal for a review of the question.

We first take note of the authorities to which we are referred by relator as supporting his contention that the writ should issue. Ex Parte Ballard, 87 Tex. Crim. Rep. 460, 223 S. W. 222, perhaps in principle supports relator's position, but in the later cases of Ex Parte Garcia, 90 Tex. Crim. Rep. 287, 234 S. W. 892, and Ex Parte Mathews, 96 Tex. Crim. Rep. 497, 258 S. W. 477, it was recognized that the Ballard case was a departure from the well-established holding of this court, and we declined to follow it. In Ex Parte McNamara, 26 S. W. 506, accused had been convicted in the city court and appealed to the county court, where his appeal was dismissed on grounds other than the insufficiency of the appeal bond. The city court then tried to hold him upon the conviction from which he had appealed. No other remedy than resort to habeas corpus was available. This was also true as to one branch of Hoard's case (140 S. W. 448). In Hardcastle's case (84 Tex. Crim. Rep. 463, 208 S. W. 531), there was no other remedy than the writ of habeas corpus. In Ex Parte Stein (135 S. W. 136) and Ex Parte Jonischkies

(88 Tex. Crim. Rep. 574, 227 S. W. 952), the statutory remedy of appeal had been pursued as far as available. Kearby's case (34 Tex. Crim. Rep. 635) and Gould's case (132 S. W. 364) were contempt proceedings from which there was no appeal and habeas corpus was the only remedy. In Ex Parte Ogle (61 S. W. 122) and Ex Parte Thompson (123 S. W. 612) no remedy was available save that of habeas corpus. In Ex Parte Roquemore (131 S. W. 1101) the distinguished judge who wrote the opinion recognized the general principle to which this court has long been committed in dealing with applications for writ of habeas corpus, but regarded that case as presenting an exception in that accused was charged with conducting a baseball game on Sunday, the contention being that no law existed forbidding it. In the present case the effort is to have this court declare in a habeas corpus proceeding that a particular information fails to charge the violation of a law, the existence of which is not questioned.

Whatever may be the rule in other jurisdictions, it seems to be the settled policy in this state not to permit resort to habeas corpus proceedings primarily for the purpose of testing the sufficiency of a complaint or indictment in advance of a trial in the lower court. In Ex Parte Oats, 91 Tex. Crim. Rep. 79, 238 S. W. 930, is found the following expression touching the principle which has controlled this court in such cases:

"It is the well settled rule that the sufficiency of the complaint and indictment will not be inquired into upon habeas corpus unless it appears that the accused has exhausted his remedies by appeal, certiorari, etc., or that the law under which the prosecution is brought is for some reason invalid."

In Ex Parte Mitchum, 91 Tex. Crim. Rep. 62, 237 S. W. 936, it is said:

"The indictment having been presented in a court of competent jurisdiction by a grand jury regularly organized, and there being a law under which the prosecution may be maintained, an irregular or insufficient averment of the facts does not entitle the accused to release under a writ of habeas corpus. His remedy for such defect is to invoke the ruling of the trial court and present (complaint) to this court on appeal if the ruling is against him. Ex Parte McKay, 82 Tex. Crim. Rep. 221, 199 S. W. 637, and cases therein cited."

Similar expressions or holdings illustrative of the principle will be found in Ex Parte Drane, 80 Tex. Crim. Rep. 543, 191 S. W. 1156; Ex Parte Garcia, 90 Tex. Crim. Rep. 287, 234 S. W. 892; Ex Parte Meggs, 99 Tex. Crim. Rep. 391, 269 S. W. 790;

Ex Parte Stanford, 100 Tex. Crim. Rep. 558, 271 S. W. 924; Ex Parte Lovell, 101 Tex. Crim. Rep. 576; Ex Parte Matthews, 96 Tex. Crim. Rep. 497, 258 S. W. 477; Ex Parte Riddle, 90 Tex. Crim. Rep. 260, 236 S. W. 725; Ex Parte Holland, 91 Tex. Crim. Rep. 339, 238 S. W. 654; Ex Parte Vaughan, 93 Tex. Crim. Rep. 112, 246 S. W. 373. The latest expression from this court upon the subject will be found in Ex Parte Evans (No. 11631, opinion delivered February 8, 1928). The principle controlling has not been of recent announcement, but will be found in many of the earlier cases with which this court has been called upon to deal. In Ex Parte Beverley, 34 Tex. Crim. Rep. 644, and Ex Parte Cox, 53 Tex. Crim. Rep. 240, will be found a direct announcement that the writ of habeas corpus is not available to test the sufficiency of a complaint. In Branch's Ann. Tex. P. C., Sec. 239, is found the following:

"The writ of habeas corpus will not lie where the remedy at law is adequate, nor will it lie after indictment to prevent a trial on the merits, although an agreed statement of facts shows that the accused is not guilty."

The test is supported by Ex Parte Windsor, 78 S. W. 510; Ex Parte Adams, 90 S. W. 24; Ex Parte Kent, 49 Tex. Crim. Rep. 12, 90 S. W. 168; Ex Parte Jennings, 172 S. W. 1143.

Because of the rather unusual and exhaustive averments in much detail of the facts in the present information, supplemented by an agreed additional statement of facts, what this court had to say in Ex Parte Windsor (supra) seems peculiarly appropriate. (Italics are ours.)

"* * * The application, together with the exhibits, shows that relator is under arrest, charged by complaint and information with unlawfully engaging and assisting in taking and accepting from one Max Price a bet of $10 on a horse race to be thereafter run, on December 10, 1903, in the State of Louisiana, etc. In connection with the application there is also an agreed statement of facts which tends to show that the bet or wager was not made in Grayson County, Texas, but was made in Hot Springs, in the State of Arkansas; the contention being that the same is not an offense in this state under the Acts of the Twenty-Eighth Legislature, prohibiting the buying and selling of pools, etc., on horse races. See Gen. Laws, 28th Leg., p. 68, c. 50. *It appears from the presentation of the case that it is an attempt on the part of the relator to avoid a trial in the court below and have the case tried in this court.* It has been frequently held by this court that the writ of habeas corpus can only be granted in extraordinary cases, where the remedy

at law is not adequate. See Ex Parte Ezell, 40 Texas 451, 19 Am. Rep. 32; Ex Parte Dickerson, 30 Tex. App. 448, 17 S. W. 1076; Ex Parte Lambert (Tex. Crim. App.), 36 S. W. 81; Ex Parte Japan (Tex. Crim. App.), 38 S. W. 43. It has also been decided that the writ will not be granted where an appeal lies. Ex Parte Matthews (Tex. Crim. App.), 49 S. W. 623. * * * Ex Parte Eckhart (Tex. Crim. App.), 40 S. W. 349, holds this court would not interfere by habeas corpus to prevent a trial. It occurs to us that this case comes within the principles announced in the above cited cases. *We will not assume that the court below will not properly administer the law, and will not determine questions presented to it, in a legal and proper manner.* If on the trial of this case below the evidence is not sufficient to show the commission of an offense in the State of Texas, we apprehend the lower court will so decide. If not, an appeal will lie. *Therefore we hold that, the relator's remedy being adequate at law, we will not interfere to prevent a trial of his case in the court below."*

Upon presentation of the application for the writ in the present case to one of the members of this court, the writ was not granted, but the matter was set down for a hearing with · notice to the officer having appellant in custody to show cause why the writ should not be granted, and bail was fixed pending determination of that matter.

It follows from what has been said that it is the opinion of the court that the writ should be denied.

*Writ denied.*