## EX PARTE ROBERT DRENNER.

No. 16548.   Delivered January 17, 1934.
Rehearing Denied February 14, 1934.
Reported in 67 S. W. (2d) 870.

The opinion states the case.

*Moody & Robertson, Dan Moody* and *J. B. Robertson,* all of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—By way of habeas corpus appellant sought release from jail. He appeals from an order remanding him.

The warrant of arrest was based on a complaint charging that appellant had violated the provisions of chapter 226, of the

General Laws enacted at the Regular Session of the 43rd Legislature, being Senate Bill 504. We quote section 1 of the act as follows: "Whoever assembles or rebuilds an electric storage battery for use on automobiles, in whole or in part, out of second hand or used material, such as containers, separators, plates, groups or other battery parts, and sells same or offers same for sale within this State without the word 'rebuilt' branded into the side of the containers in letters which are at lease one inch high and one-half inch wide each, shall be guilty of a misdemeanor, and upon conviction therefor, shall be punished by a fine not exceeding One Hundred ($100.00) Dollars or by imprisonment not exceeding thirty (30) days, or by both such fine and imprisonment."

The charging part of the complaint reads: "That heretofore, to-wit, on or about the tenth day of November, A. D. 1933, and before the making and filing of this complaint, in the County of Travis and State of Texas, Robert Drenner did then and there unlawfully assemble and rebuild an electric storage battery for use in automobiles in part out of used material in that the said Robert Drenner did then and there separate the metallic parts of used storage battery plates from the other material thereof and did then and there mix such metallic parts with other similar metal and melt such metallic parts and metal and cast therewith skeleton forms of storage battery plates, and did then and there pulverize the filling material from used battery plates and mix such pulverized filling material with a chemical solution into a paste and did then and there apply such paste to said skeleton forms of storage battery plates and did then and there assemble a storage battery for use in automobiles by using such plates so made by him with new parts and new material and did then and there offer said battery for sale within Travis County in the State of Texas without the word 'rebuilt' having been branded into the side of the container in letters which are at least one inch high and one-half inch wide * * *."

No attack appears to be made upon the validity or constitutionality of the statute upon which the complaint is based. Touching his purpose in resorting to the writ of habeas corpus, we quote from appellant's brief, as follows: "These propositions present the question as to whether Senate Bill 504 which was evidently intended to cover only the branding of batteries made partly with used parts can properly be construed so as to make it apply to a battery that has been made altogether with new parts, some of which have been made with material taken from previously used similar parts. In other words, is a bat-

tery part that has been newly made out of material taken from a used battery, itself a used part or not?"

An examination of the original record in the case of Ex parte Jarvis, 3 S. W. (2d) 84, discloses that the complaint and information set out in detail the acts alleged to constitute a violation of the provisions of articles 647 and 648, P. C., denouncing book making and betting on horse races. An agreed statement of facts supported the allegations of the complaint and information. It was contended that the averments in the complaint and information manifested the acts not to be within the purview of the statute. In denying the writ of habeas corpus, we reviewed numerous decisions of this court. The conclusion was reached that the record showed an effort on the part of Jarvis to resort to habeas corpus proceedings primarily for the purpose of testing the sufficiency of the complaint and information. In the course of the opinion Judge Hawkins, speaking for the court, used language as follows:

"No attack is made upon the validity or constitutionality of the law upon which the prosecution is based. In the regular course of ordinary procedure, relator could have presented to the county court a motion to quash the information. The presumption is that the ruling of the presiding judge of that court would have been correct, and that, if in his judgment the information failed to charge an offense, he would have so held. If relator was not satisfied with the action of that court, he could come to this court by the statutory method of appeal for a review of the question." Again we quote from the opinion: "Whatever may be the rule in other jurisdictions it seems to be the settled policy in this state not to permit resort to habeas corpus proceedings primarily for the purpose of testing the sufficiency of a complaint or indictment in advance of a trial in the lower court."

See, also, Ex parte Windsor, 78 S. W., 510.

We are unable to distinguish the situation presented in the present appeal from that confronting this court in Ex parte Jarvis, supra. Hence we are constrained to hold that appellant is not entitled in this proceeding to test the sufficiency of the complaint to charge an offense.

In Branch's Annotated Texas Penal Code, sec. 239, is found the following: "The writ of habeas corpus will not lie where the remedy at law is adequate, nor will it lie after indictment to prevent a trial on the merits, although an agreed statement of facts shows the accused is not guilty."

The judgment remanding appellant is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the testimony submitted on the examining trial and habeas corpus hearing did not show probable cause to believe that an offense had been committed by him, and that for such reason, if no other, he should be discharged.

The testimony shows without contradiction that appellant was in custody, upon his arrest by proper authorities, following a charge against him for the violation of an offense set forth fully in a statute recently passed by our Legislature. The complaint followed the language of the statute. The only question arising from the record before us, would appear to be whether or not the matters and facts appearing in the agreed statement would amount to a violation of the law, and would make out the offense defined by said statute.

It is very unsatisfactory to this court to have to pass upon an agreed statement of facts which does not present the testimony of any witness, but, as in this case, sets out approximately twenty pages of conclusions and results and processes and statements which almost amount to an argument upon the issues involved. The statute in question plainly forbids that any person shall "Unlawfully assemble and rebuild an electric storage battery for use in automobiles in part out of used material * * * without the word 'rebuilt' having been branded into the side of the container in letters of certain height and width." It occurs to us that it would be a fact question, under appropriate testimony from witnesses who know what they are talking about, as to whether or not the doing of all the things referred to in the statement of facts in this case, amount to and are in fact comprehended by the descriptive words in the statute "Assemble and rebuild an electric storage battery for use in automobiles in part out of used material." This court is not a jury, nor is it a nisi prius court. Every question that is here presented could and should be first presented to a trial court upon the support of competent testimony, and from the decision of such trial court, if unsatisfactory, an appeal could be had to this court, which could then pass upon the law and the testimony heard by the trial court. The merits of a case involving the guilt or innocence of an accused is not a proper subject of inquiry in a writ of habeas corpus. Ex parte Kent, 49 Texas Crim. Rep., 12; Ex parte Jennings, 76 Texas Crim. Rep., 116;

Ex parte McKay, 82 Texas Crim. Rep., 221; Ex parte Rogers, 83 Texas Crim. Rep., 152.

We are still of opinion that the proper place to present these matters of fact is to the trial court and not to this court under the guise of an application for writ of habeas corpus.

The motion for rehearing will be overruled.

*Overruled.*