EX PARTE R. E. MEERS AND SCOTT KING.

No. 17901.   Delivered October 16, 1935.
Rehearing Denied December 4, 1935.

466

The opinion states the case.

*William J. Gerron,* of Brady, for appellant.

*A. O. Newman,* Dist. Atty., of Coleman, *I. J. Burns,* Co. Atty., of Brady, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—It appears from the record before us that relators were charged by complaint filed in the justice court of precinct No. 1 of McCulloch County, with the offense of unlawfully keeping and exhibiting a gaming table and bank, to-wit: a marble table. Upon a hearing before the justice of peace, who was sitting as a magistrate, relators were ordered to give bond in the sum of five hundred dollars each for their personal appearance before the district court of said county, to be begun and holden on the first Monday in October, 1935, the same being the 7th day of October, 1935, to await the action of the grand jury, but in default of giving bond they be committed to jail. Thereafter they applied to the Honorable E. J. Miller, Judge of the 35th Judicial District of Texas, for a writ of habeas corpus by which they sought their release from custody. Upon a hearing, the judge made a similar order as that of the magistrate, to which they excepted and appealed to this Court.

This court has consistently held that a writ of habeas corpus will not lie where the remedy at law is adequate, nor

will it lie after indictment to prevent a trial on the merits. See Branch's Texas P. C., Sec. 239; Ex parte Kent, 90 S. W., 168; Ex parte Adams, 90 S. W., 24; Ex parte Windsor, 78 S. W., 510; Ex parte Jennings, 172 S. W., 1143; Ex parte Jarvis, 3 S. W. (2d) 84. Relators had not been tried; they had not even been indicted by the grand jury for the offense for which they were charged by complaint, yet they are seeking by means of a writ of habeas corpus to have this court determine in advance of a trial in a court of competent jurisdiction, whether the facts developed at the hearing show them guilty of an offense against the law of this State. Should relators be charged by indictment with said offense, and on trial the evidence is not sufficient to show that an offense has been committed, the trial court will no doubt so decide. If not, then relators have the legal right to appeal to this court. In the case of Ex parte Drenner, 67 S. W. (2d) 870, this court said: "The merits of a case on the sufficiency of the evidence to show a violation of the law is not the subject of inquiry by writ of habeas corpus." Relators contend, however, that there is no statute which denounces their act and the operation of their marble table as an offense. Looking to the entire record, it appears to us that relators under the guise of questioning the validity of Art. 619, P. C., under which they are charged with the offense of unlawfully keeping and exhibiting a gaming table, to-wit: a marble table, are in fact questioning the sufficiency of the facts to bring their act and the marble table within the purview of said article. We do not believe we are required in this proceeding to pass upon that question. However, if we did so we would most likely apply the rule of ejusdem generis and hold contrary to relators' contention. Inasmuch as relators have an adequate legal remedy, this court will not interfere with the jurisdiction of the trial court over the person and subject matter. Therefore the judgment granting bail in the sum of five hundred dollars to each of the relators, in default of which they be committed to jail, is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—We adhere to the well considered

and supported rule that when the facts in any case attempted to be brought here on habeas corpus, show that the controversy could have been brought here in the regular channel of an appeal, we will decline to dispose of same by habeas corpus.

In this case we have two men charged in regular form and manner before a magistrate with the commission of a felony, who upon hearing of their cases, were bound over to await the action of the grand jury, and their bonds fixed at a reasonable amount, it not being here contended that the amounts fixed were unreasonable. Whether said men could make such bonds is not shown, but on the same day as the order of the magistrate an application for habeas corpus was presented to a district judge, same merely alleging in general terms illegal restraint. He granted the writ and heard the matter and remanded applicants, reciting only that in his opinion applicants were legally held. If we understand it, the question was whether the particular form of gaming table alleged to have been exhibited would be a gaming table or bank under our statute. A determination of this question would require a full development of the facts, and is entirely different in principle from Ex parte Roquemore, 60 Texas Crim. Rep., 282, relied on by applicants in their motion. We think the case correctly disposed of in our original opinion, and that every proposition involved could and should be fully developed upon a trial and brought here by the regular route of an appeal. See Ex parte Jarvis, 109 Texas Crim. Rep. 52.

The motion for rehearing is overruled.

*Overruled.*