## EX PARTE SAM MINOR.

No. 22592. Delivered June 16, 1943.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

This is an original application for writ of habeas corpus through which relator seeks release from a judgment of conviction in the County Court of Nueces County, in which upon relator's plea of guilty his punishment was assessed at one year in jail.

The prosecution was under Art. 1295 P. C., which makes it an offense to send or cause to be sent an anonymous letter reflecting upon the integrity or character of the person to whom the letter is sent, and providing punishment by fine of not less than $250.00 nor more than $1,000.00, and confinement in jail for not less than one nor more than twelve months.

Relator was charged by complaint and information with having sent and causing to be sent an anonymous letter to a young lady named therein, which under the contents of the letter and the circumstances under which it was written was averred to reflect upon the integrity and character of the named young lady.

We are not advised from the application that any motion to quash the complaint and information was filed in the trial court, and no appeal has reached this court questioning the sufficiency of the State's pleading. Such question could have been so raised.

Relator seeks discharge from further custody under the judgment upon the contention that said judgment is void because, as he claims, the information and complaint charge him with no offense.

It has long been the holding of this court that the writ of habeas corpus could not be resorted to in lieu of an appeal, and that upon habeas corpus proceeding we would not inquire into the sufficiency of an indictment or information where it was based upon a valid law under which an offense could be charged. But we would inquire upon habeas corpus proceedings whether a judgment was void for being based upon a prosecution under an invalid law. See Ex parte Evans, 109 Tex. Cr. R. 231; 4 S. W. (2d) 67; Ex parte Mattews, 96 Tex. Cr. R. 497, 258 S. W. 477; Ex parte McKay, 82 Tex. Cr. R. 221, 199 S. W. 637; Ex parte Roya, 85 Tex. Cr. R. 626, 215 S. W. 322; Ex parte Garcia, 90 Tex. Cr. Rep. 288, 234 S. W. 892. In the case last cited a general expression found in Ex parte Ballard, 87 Tex. Cr. R. 460, 223 S. W. 222, was modified. Ex parte Helton, 128 Tex. Cr. 112, 79 S. W. (2d) 139; Ex parte Chaney, 131 Tex. Cr. R. 550, 101 S. W. (2d) 245.

Relator relies upon three cases, Ex parte Roquemore 60 Tex. Cr. R. 282, 131 S. W. 1101; Ex parte Jonischkies, 88 Tex. Cr. R. 574, 227 S. W. 952; Ex parte Stein, 61 Tex. Cr. R. 320, 135 S. W. 136. In Roquemore's case he was prosecuted for operating a baseball park on Sunday. It was held that baseball was not within the statute upon which the prosecution was based. In the opinion in Ex parte Helton (supra) it was said: "* * * the real question with which the court was dealing in Jonischkies Case was an ordinance held to be unconstitutional, and therefore no sort of valid complaint could have been drawn under said ordinance. The opinion in the Jonischkies Case is modified in so far as any general expression found therein may be out of harmony with the holding in our original opinion in the present case." In Stein's case the prosecution was based upon a special law not in force in the territory where the offense was alleged to have occurred, and, of course, the judgment was void as having no law to support it. So that when the real question decided in the three cases upon which reliance is had by relator are analyzed, the cases furnish no support for his contention regardless of some general expressions which may be found in the opinions.

The writ of habeas corpus is refused.