

effective date of the 1965 Code of Criminal Procedure.

We have reviewed the record in its entirety and have concluded that the other contentions attempted to be raised in this Court on appeal do not merit discussion.

Finding no reversible error, the judgment is affirmed.

W. C. Wiebusch, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Richard DeGuerin, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order in a habeas corpus proceeding in which appellant was remanded to the custody of the Chief of Police of the City of Houston.

The avowed purpose of this proceeding is to test the sufficiency of the complaint upon which appellant has not yet been tried and to test the form of the bail bonds required by the City of Houston.

In Ex parte Jarvis, 109 Tex.Cr.R. 52, 3 S.W.2d 84, 57 A.L.R. 82, Judge Hawkins speaking for the Court said:

"In the present case the effort is to have this court declare in a habeas corpus proceeding that a particular information fails to charge the violation of a law, the existence of which is not questioned.

Whatever may be the rule in other jurisdictions it seems to be the settled policy in this state not to permit resort to habeas corpus proceedings primarily for the purpose of testing the sufficiency of a complaint or indictment in advance of a trial in the lower court."

Later in Ex parte Drenner, 125 Tex.Cr.R. 331, 67 S.W.2d 870, this Court said:

"This court is not a jury, nor is it a nisi prius court. Every question that is here presented could and should be first pre-

**Ex parte George H. GREENE, Jr.**

**No. 39658.**

Court of Criminal Appeals of Texas.

June 8, 1966.

Rehearing Denied Oct. 12, 1966.

sented to a trial court upon the support of competent testimony, and from the decision of such trial court, if unsatisfactory, an appeal could be had to this court, which could then pass upon the law and the testimony heard by the trial court."

See also Article 11.45, Vernon's Ann.C. C.P.

The judgment remanding appellant is affirmed.

---

**Julia Sillera RIVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39680.**

Court of Criminal Appeals of Texas.

June 25, 1966.

Rehearing Denied Oct. 19, 1966.

Leonard C. Kahn and Adolph Uzick, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Rough and Tom Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

The offense is murder; the punishment, 15 years.

In view of our disposition of this case a recitation of the facts is deemed unnecessary other than to state that it was appellant's defense that she shot her husband in self defense after he had physically abused her throughout the night. The State called Officer Perry, who testified that he went to the scene of the homicide and there talked with appellant and her daughter. He was asked if he had a conversation with appellant and if he had asked her about how the deceased received his injuries. When appellant's counsel objected and asked to examine the witness on voir dire, the jury was retired and the witness testified that appellant had made the statement, "He choke, I shoot."

At this juncture the appellant's counsel withdrew his objection and the jury was recalled. The State continued its examination of the witness, but having received an unfavorable answer, made no further reference to the officer's conversation with appellant. On cross examination of Officer Perry appellant sought to elicit the testimony which the witness had given in the