**Ex parte Harold Wayne DICKERSON.**

**No. 54255.**

Court of Criminal Appeals of Texas.

April 13, 1977.

Phillip S. Brown, Lubbock, Court appointed, for appellant.

Alton R. Griffin, Dist. Atty. and Sam Oatman, Asst. Crim. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order of the trial court entered in a habeas corpus proceeding refusing to reduce bail pending trial. The appellant is purportedly charged by indictment with the offense of burglary, and he is incarcerated in the Lubbock County jail unable to make bond in the amount of $100,000.

 In view of the record presented, we take cognizance of a matter of fundamental nature that was not raised in the trial court and which is not presented in the briefs on appeal. Ordinarily, in this State, when there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is not available either prior to or after trial to test the sufficiency of the complaint, information, or indictment. *Ex parte Jarvis*, 109 Tex.Cr.R. 52, 3 S.W.2d 84 (1928); *Ex parte Minor*, 146 Tex.Cr.R. 159, 172 S.W.2d 347 (1943); *Ex parte Meers*, 129 Tex.Cr.R. 465, 88 S.W.2d 100 (1935); *Ex parte Beverly*, 34 Tex.Cr.R. 644, 31 S.W. 645 (1895); *Ex parte Williford*, 50 Tex.Cr.R. 417, 100 S.W. 919 (1907); *Ex parte Webb*, 113 S.W. 545 (Tex.Cr.App.1908); *Ex parte Wolf*, 55 Tex.Cr.R. 231, 115 S.W. 1192 (1909). However, if the pleading, on its face, shows that the offense charged is barred by limitations the complaint, information, or indictment is so fundamentally defective that the trial court does not have jurisdiction and habeas corpus relief should be granted. *Ex parte Hoard*, 63 Tex.Cr.R. 519, 140 S.W. 449 (1911); cf. *Ex parte Stein*, 61 Tex.Cr.R. 320, 135 S.W. 136 (1911); *People v. McGee*, 1 Cal.2d 611, 36 P.2d 378 (1934); *Ex parte Vice*, 5 Cal.App. 153, 89 P. 983 (1907); *Ex parte Connolly*, 16 Cal. App.2d 709, 61 P.2d 490 (1936).

 The record fails to show that there is a charge pending against the appellant sufficient for the trial court to have jurisdiction of this prosecution. If the sheriff made a return on the writ of habeas corpus issued to him by the trial court showing the authority under which the appellant was being detained, as required by Articles 11.-29 and 11.30, V.A.C.C.P., the State did not introduce the return in evidence. Moreover, the State did not introduce in evidence either a complaint and warrant or an indictment and capias showing authority for detention of the appellant. The transcript does contain an indictment and a capias, but the indictment shows on its face that the prosecution for the offense with which the appellant is charged is barred by the statute of limitations. The indictment recites that the burglary was committed on or about January 29, 1971. The indictment was presented by the grand jury and filed by the clerk on February 12, 1976. The burglary was allegedly committed more than five years before the indictment was presented and filed. The statute of limitations for the offense of burglary is five years. Article 12.03, V.A.C.C.P., 1965; Article 12.01, V.A.C.C.P., effective January 1, 1974. Usually limitation is a matter which must be asserted as a defense in civil actions and in criminal prosecutions in some jurisdictions; however, our statute provides, as do those of many other jurisdictions, that an indictment must allege the offense was committed at a time not so remote that the prosecution of the offense is barred by limitations. Article 21.02(6), V.A.C.C.P. See *Ex parte Jarvis, supra; Ex parte Hoard, supra.*

██ Although the transcription of the court reporter's notes made at the hearing indicates that the statute of limitations may have been tolled, this is not alleged in the indictment. The State may not rely on proof alone, but must allege facts which show that the statute of limitations has been tolled. See *Donald v. State*, 165 Tex. Cr.R. 252, 306 S.W.2d 360 (1957); *Jackson v. State*, 489 S.W.2d 565 (Tex.Cr.App.1972). Cf. *Cooper v. State*, 527 S.W.2d 563 (Tex.Cr. App.1975); see Article 12.07, V.A.C.C.P. (1965), and Article 12.05, V.A.C.C.P., effec-

tive January 1, 1974. There being no valid prosecution pending, no bail is required, and the question of reduction of bail is moot. *Ex parte Spivey*, 382 S.W.2d 491 (Tex.Cr. App.1964).

Habeas corpus relief is granted, and the prosecution under this indictment is ordered dismissed.

Opinion approved by the Court.

DOUGLAS, J., concurs in result.