Ex parte James **MATTOX**, Appellant.

No. 3–84–201–CR.

Court of Appeals of Texas, Austin.

Dec. 5, 1984.

---

Roy Q. Minton, Minton, Burton, Foster & Collins, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., First Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

The appellant, James Mattox, applied for a writ of habeas corpus in the trial court, contending that he is unlawfully restrained pursuant to three indictments pending against him.[1] The indictments allege the offense of commercial bribery, Tex.Pen. Code Ann. § 32.43(c) (1974),[2] and are based on the same alleged incident. Mattox has executed a personal bond in each cause, and it is undisputed that he is restrained in his liberty by reason of the indictments and bonds. Tex.Code Cr.P.Ann. art. 11.22 (1977). Following a hearing upon the writ, the trial court entered an order denying relief and Mattox gave notice of appeal.

In his first two grounds of error, Mattox contends the indictments are fundamentally defective because they fail to allege the forbidden conduct and required culpability elements of commercial bribery. We do not reach the merits of these contentions, because it is well established that this is a matter that cannot be raised in a pretrial habeas corpus proceeding.

The general rule is this: when there is a valid penal statute under which a prosecution may be brought, habeas corpus is not available to test the sufficiency of the charging instrument prior to trial. *Ex parte Mangrum*, 564 S.W.2d 751 (Tex.Cr. App.1978); *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977); *Ex parte Ward*, 560 S.W.2d 660 (Tex.Cr.App.1978); *Ex parte Dickerson*, 549 S.W.2d 202 (Tex.Cr. App.1977); *Ex parte Greene*, 406 S.W.2d 465 (Tex.Cr.App.1966); *Ex parte Drenner*, 125 Tex.Cr.R. 331, 67 S.W.2d 870 (1934); *Ex parte Jarvis*, 109 Tex.Cr.R. 52, 3 S.W.2d 84 (1928); *Ex parte Webb*, 113 S.W. 545 (Tex.Cr.App.1908); *Ex parte Beverly*, 34 Tex.Cr.R. 644, 31 S.W. 645 (1895). Mattox acknowledges the existence of this long line of precedent, but argues that these cases no longer correctly state the law.

Mattox relies on the oft-stated principle that the failure of the charging instrument to allege all elements of the offense is a fundamental defect depriving the trial court of jurisdiction, and may be asserted at any time. But the opinions in which this language is found and on which Mattox relies deal with *post-trial* attacks, either direct or collateral, on *judgments of conviction*. See *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974) [fundamentally defective indictment may be challenged for first time on appeal]; *Duplechin v. State*, 652 S.W.2d 957 (Tex. Cr.App.1983), and *Ex parte Millard*, 587 S.W.2d 703 (Tex.Cr.App.1979) [collateral attack on judgment of conviction used for enhancement of punishment]; *Salazar v. State*, 589 S.W.2d 412 (Tex.Cr.App.1979), and *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975) [collateral attack on judgment of conviction in probation revocation proceeding]; *Ex parte Munoz*, 657 S.W.2d 105 (Tex.Cr.App.1983), and *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.

---

**1.** Travis County cause numbers 71804, 72163, and 73737. The indictment in number 73737 appears as an appendix to this opinion.

**2.** This statute was amended effective September 1, 1983, after the alleged act of commercial bribery took place.

App.1977) [collateral attack on judgment of conviction pursuant to Tex.Code Cr.P.Ann. art. 11.07 (1977 and Supp.1984)]. Mattox correctly observes that this willingness on the part of the Court of Criminal Appeals to permit belated attacks on the sufficiency of the charging instrument represents a recent change in the law. *Compare Ex parte Minor,* 146 Tex.Cr.R. 159, 172 S.W.2d 347 (1943) and *Ex parte Roberts,* 502 S.W.2d 802 (Tex.Cr.App.1973), *with Standley v. State, supra,* and *Ex parte Roberts,* 522 S.W.2d 461 (Tex.Cr.App.1975). However, that court has not manifested a similar willingness to permit *pretrial* collateral attacks on charging instruments.

It is true, as Mattox points out, that the Court of Criminal Appeals has occasionally entertained pretrial habeas corpus proceedings begun for the purpose of setting aside an indictment or information. But in each of these cases, the issue was not the sufficiency of the allegations in the charging instrument but the legal authority of the State to prosecute the accused. *See Ex parte Dickerson, supra,* and *Ex parte Ward, supra* [charging instrument showed on its face that prosecution was barred by limitations]; *Ex parte Becker,* 459 S.W.2d 442 (Tex.Cr.App.1970) [indictment returned by irregularly empaneled grand jury]; *Ex parte Mangrum, supra* [indictment based on repealed statute]; *Ex parte Menefee, supra* [juvenile indicted without examining trial]. Moreover, in *Mangrum, Menefee, Ward,* and *Dickerson,* all decided after the Court of Criminal Appeals opened the door to post-trial collateral attacks on charging instruments, the court was careful to point out that it was acting pursuant to a narrow exception to the general rule prohibiting such attacks prior to trial. Mattox is asking this Court to read into these opinions a holding that is contrary to their express language.

■ Before trial, the accused may challenge the sufficiency of the State's pleading in a motion to quash. Should the motion be overruled and the accused subsequently convicted, the issue may be taken up on appeal. Mattox does not assert any extraordinary interest that would justify the delay and judicial wheelspinning that would result were defendants authorized to institute pretrial collateral proceedings, complete with interlocutory appeals, to test the sufficiency of the allegations in a charging instrument. *Cf. Ex parte Robinson,* 641 S.W.2d 552 (Tex.Cr.App.1982) [pretrial review of defendant's jeopardy claim]. Rulings on other pretrial motions, even those with a constitutional basis such as motions to suppress unlawfully seized evidence, must be reviewed on appeal and may not be pursued in pretrial collateral proceedings.

■ In summary, the Court of Criminal Appeals has clearly and consistently held that an accused cannot challenge the sufficiency of the charging instrument's allegations in a pretrial habeas corpus proceeding. None of the cases cited by Mattox are authority to the contrary. We therefore overrule the first and second grounds of error.

■ In his third and fourth grounds of error, Mattox contends that § 32.43(c) is unconstitutionally vague on its face and as applied to the facts alleged in the indictments. A penal statute must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first element of due process of law. *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). A statute alleged to violate the Constitution may be challenged through application for writ of habeas corpus. *Crisp v. State,* 643 S.W.2d 487 (Tex. App.1982), aff'd, *Ex parte Crisp,* 661 S.W.2d 944 (Tex.Cr.App.1983).

Section 32.43, as it read at the time of the alleged offense, provided:

(a) For purposes of this section:

(1) "Beneficiary" means a person for whom a fiduciary is acting.

(2) "Fiduciary" means:

(A) an agent or employee;

(B) a trustee, guardian, custodian, administrator, executor, conservator, receiver, or similar fiduciary;

(C) a lawyer, physician, accountant, appraiser, or other professional advisor; or

(D) an officer, director, partner, manager, or other participant in the direction of the affairs of a corporation or association.

(b) A person who is a fiduciary commits an offense if he intentionally or knowingly solicits, accepts, or agrees to accept any benefit as consideration for:

(1) violating a duty to a beneficiary; or

(2) otherwise causing harm to a beneficiary by act or omission.

(c) A person commits an offense if he offers, confers, or agrees to confer any benefit the acceptance of which is an offense under Subsection (b) of this section.

(d) An offense under this section is a felony of the third degree.

"Benefit" is defined in Tex.Pen.Code Ann. § 1.07(a)(6) (1974) as follows:

[A]nything reasonably regarded an economic gain or advantage, including benefit to any other person in whose welfare the beneficiary is interested.

Mattox argues that § 32.43(c) does not give adequate notice of the conduct it prohibits. He asserts that because the economic gain or advantage need not accrue to the person to whom the offer is made, a person could be prosecuted for offering a benefit to a fiduciary of whom he had no knowledge. Mattox finds a similar problem with the definitions of "fiduciary" and "beneficiary" contained in § 32.43(a), arguing that it is impossible for an individual to know if the person to whom he offers a benefit is a fiduciary. These arguments fail when it is recalled that the State must prove that the offeror acted with the requisite culpable mental state.

■ A requirement of scienter may mitigate a law's vagueness, especially with respect to the adequacy of notice to an individual that his conduct is proscribed. *Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). Section 32.43(c) is not a strict liability statute. It criminalizes only those offers the acceptance of which would violate subsection (b). Subsection (b), in turn, criminalizes the acceptance of a benefit only if it is in consideration for a breach of a fiduciary duty. Obviously, one can offer a benefit in consideration for a breach of a fiduciary duty only if one knows the offeree is a fiduciary, and that he would violate a duty owed to his beneficiary or otherwise cause harm to his beneficiary by accepting the offered benefit. Thus, the State must prove such knowledge in a prosecution pursuant to § 32.43(c). *See Pfleging v. State,* 572 S.W.2d 517 (Tex.Cr.App.1978). *See also Ledesma v. State,* 677 S.W.2d 529 (Tex.Cr. App., 1984); *Goss v. State,* 582 S.W.2d 782 (Tex.Cr.App.1979).

Mattox further argues that the definition of "benefit" is vague because whether a particular offer may be "reasonably regarded as economic gain or advantage" must be decided on a case-by-case basis at some point after the conduct has been undertaken. However, the requirement of reasonableness narrows, rather than broadens, the definition and hence the scope of § 32.43(c). Moreover, the criminality of a particular defendant's conduct must always be determined after the fact, and on a case-by-case basis.

■ In *Bates v. State,* 587 S.W.2d 121 (Tex.Cr.App.1979), it was held that the general bribery statute, Tex.Pen.Code § 36.02 (1975 Tex.Gen.Laws, ch. 342, § 11, at 915), is not unconstitutionally vague or indefinite on its face. The same conclusion applies to the strongly analogous commercial bribery statute. Ground of error three is overruled.

■ A clear and precise statute may nevertheless be overbroad if in its reach it prohibits constitutionally protected conduct. *McMorris v. State,* 516 S.W.2d 927

(Tex.Cr.App.1974). In his fourth ground of error, Mattox argues that the State is seeking to prosecute him for nothing more than engaging in negotiations with another attorney. He asserts that it unconstitutionally tortures the language of the statute to apply it to "two lawyers [who] harangue each other during a telephone conversation."

 For one lawyer to offer another lawyer an economic benefit in consideration for the latter's breach of a fiduciary duty owed to a client is not a legitimate negotiating tactic; it is bribery. It is just such conduct that has been alleged against Mattox in the indictments pending against him. Whether Mattox is in fact guilty of such conduct is, in the first instance, for a jury to decide.

In *Ex parte Meers*, 129 Tex.Cr.R. 465, 88 S.W.2d 100 (1935), the appellants were charged by complaint with the offense of unlawfully keeping and exhibiting a gaming table and bank. While free on bond awaiting the action of the grand jury, they filed a writ of habeas corpus in the trial court seeking their release from restraint. Upon denial of relief in the trial court, they appealed to the Court of Criminal Appeals, voicing arguments similar to those presented to this Court by Mattox. The court rejected these arguments, stating:

> This court has consistently held that a writ of habeas corpus will not lie where the remedy at law is adequate, nor will it lie after indictment to prevent a trial on the merits. [Citations omitted.] Relators had not been tried; they had not even been indicted by the grand jury for the offense for which they were charged by complaint, yet they are seeking by means of a writ of habeas corpus to have this court determine in advance of a trial in a court of competent jurisdiction, whether the facts developed at the hearing show them guilty of an offense against the law of this state. Should relators be charged by indictment with said offense, and on trial the evidence is not sufficient to show that an offense has been committed, the trial court will

no doubt so decide. If not, then relators have the legal right to appeal to this court. In the case of *Ex parte Drenner*, 125 Tex.Cr.R. 331, 67 S.W.(2d) 870, this court said: "The merits of a case on the sufficiency of the evidence to show a violation of the law is not the subject of inquiry by writ of habeas corpus." Relators contend, however, that there is no statute which denounces their act and the operation of their marble table as an offense. Looking to the entire record, it appears to us that relators, under the guise of questioning the validity of article 619, P.C., under which they are charged with the offense of unlawfully keeping and exhibiting a gaming table, to wit, a marble table, are in fact questioning the sufficiency of the facts to bring their act and the marble table within the purview of said article. We do not believe we are required in this proceeding to pass upon that question.... Inasmuch as relators have an adequate legal remedy, this court will not interfere with the jurisdiction of the trial court over the person and subject matter.

Mattox's fourth ground of error is overruled, and the order of the trial court is affirmed.

## APPENDIX

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Travis, State of Texas, duly selected, empaneled, sworn, charged and organized as such at the January Term A.D. 1984 of the 147th Judicial District Court for said County, upon their oaths present in and to said court at said term that James Mattox, on or about the 17th day of June A.D. 1983 and before the presentment of this indictment in the County of Travis, and State of Texas, did then and there intentionally and knowingly offer a benefit to a fiduciary, to wit, Wiley Caldwell, as consideration for the said Wiley Caldwell's violation of his duty to a beneficiary for whom the said Wiley Caldwell was acting as a lawyer, said duty being the said Wiley Caldwell's duty

as a lawyer to exercise independent profes-sional judgment on behalf of his client, Mobil Oil Corporation, in that the said James Mattox did then and there, in the course of a conversation over a telephone between the said James Mattox and the said Wiley Caldwell, threaten to delay ap-proval and deny approval of certain bonds then pending approval by the said James Mattox as Attorney General of the State of Texas, said bonds being those of certain beneficiaries for whom the said Wiley Cald-well was acting as a lawyer, to wit: City of Bedford, Texas; Comal County, Texas; Crockett County Consolidated Common School District Number 1; Lavaca County, Texas; Lavaca County Flood Control Dis-trict Number 3; Liberty County, Texas; Lower Colorado River Authority; Matagor-da County Water Control and Improvement District Number 6; City of Midland, Texas; New Braunfels Independent School Dis-trict; Oakwood Independent School Dis-trict; City of Plano, Texas; Rockwall Inde-pendent School District; Southeast Texas Hospital Financing Agency; City of Ste-phenville, Texas; City of Terrell, Texas; and Webb County, Texas; but that he, the said James Mattox, as Attorney General of the State of Texas, would not delay approv-al and would not deny approval of said bonds then pending approval as aforesaid, for and in return for the said Wiley Cald-well's violation of his duty as a lawyer to his beneficiary, Mobil Oil Corporation, in that he, the said Wiley Caldwell, would order and require that Thomas R. McDade, a lawyer and the partner of the said Wiley Caldwell, cease and desist from his efforts to question and depose Janice Mattox in the course of a certain law suit pending in the 49th Judicial District Court of Webb Coun-ty, Texas, Cause Number 33,674, styled Clinton Manges, Individually, and Duval County Ranch Company versus Mobil Pro-ducing Texas and New Mexico, Inc., et al., against the peace and dignity of the State.

BRADY, Justice, dissenting.

I respectfully dissent. The majority is correct that the general rule is that where there is a valid penal statute under which a prosecution is brought, habeas corpus is not available to test the sufficiency of the charging instrument prior to trial. How-ever, I do not agree that this should be the rule in cases such as this one.

It defies logic, in my opinion, that where there are fundamental defects in the charg-ing instrument, *i.e.*, the indictment or infor-mation, that such cannot be challenged at *any* stage in the criminal proceedings. The office of the motion to quash and its review by the appellate courts *only after conviction* seems to be totally inadequate to prevent the irreparable damage that a full blown trial will inflict upon an accused, especially a public official, when it is clear-ly possible that the conviction will be re-versed on appeal. The savings of time and money to the State and to the accused, if for no other reason, is a strong argument to support a pre-trial attack.

I do not agree that these types of pre-tri-al habeas corpus attacks on charging in-struments will open the flood gates to such writs in all criminal cases. A narrow ex-ception would be made *only where the indictment fails to allege the essential elements of the offense, and thus consti-tute a fundamental defect depriving the trial court of jurisdiction.*

The statute under which the accused has been indicted in this cause was enacted essentially to deal with kickbacks. See Practice Commentary by Seth S. Searcy, III, and James R. Patterson of the Austin Bar, following Sec. 32.43(c) of the Penal Code. It is my view that the State has chosen the wrong statute, and that Sec. 32.43(c) was never intended by the Legisla-ture to embrace a fact situation as herein alleged against the Attorney General.

Further, I am in disagreement with the majority that the appellant's Motion For Leave to File a Supplemental Brief should have been summarily overruled. It has been held that in order to effectuate the cause of justice, an appellate court has the authority to permit an appellant to file an amended brief and to include therein addi-tional grounds or points of error. This is permissible *either prior to or after sub-*

*mission,* upon such reasonable terms as it may prescribe. *Stuart v. Coldwell Banker & Co.,* 552 S.W.2d 904 (Tex.Civ.App. 1977, writ ref'd n.r.e.). Appellant's Motion For Leave to file a Supplemental Brief alleges that such was made necessary "to clarify issues raised by oral argument regarding jurisdiction and whether the writ of habeas corpus is an appropriate remedy in this matter." It was further stated that the request was made to aid the Court in the administration of justice, and not for purposes of delay.

I perceive no harm, prejudice or delay which would have resulted from the filing of the amended or supplemental brief, and leave to file should have been granted.