**James MATTOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1229–84.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 6, 1985.

Roy Q. Minton, Charles R. Burton, Austin, for appellant.

Ronald Earle, Dist. Atty. and Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

TEAGUE, Judge, concurring.

But for what the majority of the voters of this State did on November 4, 1980, when they chose to vote against adopting H.J.R. No. 97, which was a proposed Constitutional amendment that would have permitted an interlocutory appeal to this Court from a trial court's decision to overrule or deny an accused person's pretrial motion to quash the charging instrument, I would not hesitate for one moment to vote to grant appellant's petition for discretionary review, in order to review the trial court's rulings that concern appellant's motions to quash the charging instruments.

Nevertheless, the majority of the voters of Texas have spoken on the subject, and I do not believe that I should vote to overturn the decision that was made on November 4, 1980. Therefore, I agree with the majority that this Court should refuse to grant appellant's petition for discretionary review.

Notwithstanding that I am in agreement with the majority's decision to refuse appellant's petition for discretionary review, I am also compelled to state that I am in agreement with what Justice Brady pointed out in the dissenting opinion that he filed in *Mattox v. State*, 683 S.W.2d 93 (Tex.App.—Austin 1984), namely, that it defies logic and common sense that an accused person must first undergo the ordeal of a trial on the merits, and be convicted, before he can urge on appeal that the trial court erred in denying or overruling a pretrial motion to quash the charging instrument.

The present state of the law, that prevents an accused person from appealing to an intermediate appellate court or this Court the trial court's decision to overrule or deny a motion to quash the charging instrument, is truly injudicious, when one considers the fact that this void in our law oftentimes causes what should be the final trial on the merits to become nothing more than a dress rehearsal for a second trial on the merits, if the final decision on appeal is that the charging instrument was subject to a motion to quash. This is judicial economy at its worst.

Perhaps, however, someday, the majority of the voters of Texas will see the error of what they did on November 4, 1980, and will be given another opportunity to vote on the equivalent of H.J.R. No. 97. Until that day comes, and until the vote is to permit an interlocutory appeal to an intermediate appellate court or this Court the trial court's decision to overrule or deny a pretrial ruling on a motion .to quash the charging instrument, I believe that for the present time I must honor the decision that the majority of the voters of this State made on November 4, 1980.

Therefore, I reluctantly concur in the majority's decision to refuse to grant appellant's petition for discretionary review.