Ex parte Inez **GUERRERO**, Appellant.

No. 13–90–490–CR.

Court of Appeals of Texas,
Corpus Christi.

June 18, 1991.

Juan Martinez Gonzales, Beeville, Tommy Sanchez, Houston, for appellant.

Luis V. Saenz, Brownsville, for appellee.

Before DORSEY, SEERDEN and HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

Appellant filed an application for writ of habeas corpus alleging that an indictment pending against her was based on a constitutionally invalid statute.[1] The trial court denied relief. We affirm the trial court's order.

Appellant was indicted under the Controlled Substances Act for the offense of illegal investment, Tex. Health & Safety Code Ann. § 481.126 (Vernon Pamph. 1991).[2] The indictment, coincident with the elements of the offense set out by § 481.-126, alleged that appellant did intentionally and knowingly finance and invest funds, to wit, United States currency, which she knew and believed were intended to further the commission of the offense of aggravated possession of marihuana. Aggravated possession is defined by statute as the possession of more than fifty pounds of marihuana. Tex. Health & Safety Code Ann. § 481.121(c) (Vernon Pamph.1991).

In her application for writ of habeas corpus, appellant alleged, *inter alia*, that § 481.126 was void for vagueness because the terms "finance," "invest," and "funds" were not statutorily defined, thereby making the forbidden conduct ambiguous, vague, and indefinite.[3] At the hearing, appellant did not establish the factual context of this prosecution. Instead, she argued generally that the indictment was void. The trial court disagreed and denied relief. In her sole point of error, appellant contends that the trial court erred by not affording relief.

 When challenging the constitutionality of a statute, a defendant must show that in its operation the statute is unconstitutional to him in his situation; that it may be unconstitutional as to others is not sufficient. *Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Crim.App.1987). Because appellant did not establish the factual context of the instant prosecution, we presume that her challenge essentially is that the statute is unconstitutional *per se.*[4]

 A statute which forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *Cotton v. State*, 686 S.W.2d 140, 141 (Tex.Crim.App.1985). As a fundamental proposition, all criminal laws must give notice to the populace of what activity is criminal. *Bynum v. State*, 767 S.W.2d 769, 773 (Tex.Crim.App.1989). In examining a criminal statute for vagueness, the first inquiry is whether the ordinary, law-abiding individual received sufficient information from the statute that his or her conduct risked violating a criminal

---

1. Francisco Guerrero joined appellant's habeas corpus application, and the appellate brief filed by counsel purports to be a brief for both applicants. A review of this Court's records shows that an appeal from the trial court's order denying the writ of habeas corpus has been filed only in the case of Inez Guerrero.

2. Section 481.126 is the same as former Tex. Rev.Civ.Stat. art. 4476–15, § 4.052.

3. Generally, habeas corpus is not available to test the sufficiency of the charging instrument

prior to trial. *Ex parte Mattox*, 683 S.W.2d 93, 95 (Tex.App.—Austin 1984), *pet. ref'd*, 685 S.W.2d 53 (Tex.Crim.App.1985). When it is alleged that a statute is unconstitutionally vague on its face, a pretrial challenge by habeas corpus is allowed. *Mattox*, 683 S.W.2d at 96.

4. In *Beck v. State*, 741 S.W.2d 516, 525 (Tex. App.—Corpus Christi 1987, pet. ref'd), we rejected a vagueness challenge to a different portion of the same statute.

law. *Id.* A second inquiry is whether the statute provided sufficient notice to law enforcement personnel to prevent arbitrary or discriminating enforcement. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminating applications. *See id.* at 775.

■ Appellant complains that the statute is unconstitutionally vague because the terms in question are not statutorily defined. We disagree. A statute is not unconstitutionally vague merely because the words or terms used are not statutorily or specifically defined. *Id.* at 774; *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim. App.1988); *Cotton v. State,* 686 S.W.2d 140, 145 (Tex.Crim.App.1985). The words challenged must be read in the context in which they are used, according to the rules of grammar and common usage. *Bynum,* 767 S.W.2d at 774.

The term "finance" is defined as "to supply money for" or "to have the financial management of." Webster's Twentieth New Century Dictionary (1979 ed.). The same dictionary defines the term "invest" as:

1. to clothe; array; adorn.
2. (a) to cover, surround, or envelop like, or as if with, a garment; as fog *invests* the city; (b) to endue.
3. to install in office with ceremony.
4. to furnish with power, privilege, or authority.
5. (a) to vest or settle (a power or right) in a person, legislative body, etc.; (b) to put on; to don.
6. to put (money) into business, real estate, stocks, bonds, etc., for the purpose of obtaining an income or profit.
7. in military usage, to hem in or besiege (a town, port, enemy salient, etc.).

The term "funds" is defined as "money" or "cash." Another dictionary supplies similar definitions of these terms. *See Richardson v. State,* 789 S.W.2d 643, 646 (Tex.App.—Dallas 1990, pet. granted). Applying the definitions in the context of the Controlled Substances Act, § 481.126 quite clearly proscribes a person from supplying money which the person knows or believes is intended to further the possession of more than fifty pounds of marihuana. The statute clearly provides that the person must intend to further the commission of an unlawful act, *i.e.,* the possession of more than fifty pounds of marihuana. In the present case, the indictment specifically alleged that the "funds" were United States currency, which the defendant must have used to "invest" or "finance" the possession of more than fifty pounds of marihuana. "Invest" and "finance" are terms which can be readily understood by a person of common intelligence. We find that a person of common intelligence can determine with reasonable precision what conduct is prohibited. We also find that the statute provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement.

It is clear that the legislature intended to punish persons who provide money to further the commission of possessing more than fifty pounds of marihuana. For cases addressing the illegal investment statute, see *Richardson, Beck,* and *Moffett v. State,* 716 S.W.2d 558 (Tex.App.—Dallas 1986, pet. ref'd).

We hold that, on its face, § 481.126 is not unconstitutionally vague. If for some reason, the statute is vague as it applies to appellant's conduct, appellant has not provided this Court with sufficient information to so hold. Accordingly, appellant's sole point of error is overruled. The judgment of the trial court is affirmed.