### T. H. HAIRSTON v. THE STATE.

*No 1475. Decided Novmeber 25th, 1896.*

1.  **Occupation Tax—Traveling Medical Specialist—Construction of Statute.**

A physician or specialist, who has two places of business, and spends part of his time at one and part of his time at the other, is not within the purview of the statute, Art. 5049, Rev. Stats., which imposes an occupation tax of fifty dollars in each county, upon a physician, specialist, etc., "traveling from place to place in the practice of his profession." The statute means one who travels from place to place, pursuing his vocation in an itinerant method.

APPEAL from the County Court of Brazos. Tried below before Hon. V. B. HUDSON, County Judge.

Appeal from a conviction for pursuing the occupation of a traveling medical specialist, without having paid the occupation tax; penalty, a fine of $75.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of pursuing the occupation of medical specialist, traveling from place to place in the practice of said profession, without first obtaining a license therefor. In regard to occupation taxes, Article 5049, of the Rev. Stat. of 1895, provides: "From every physician, surgeon, oculist, or medical or other specialist of any kind traveling from place to place in the practice of his profession, an annual tax of fifty dollars, in each county

1896.]	HAIRSTON v. THE STATE.	471

where he may practice his profession," shall be collected. From the statement of facts it may be stated that appellant had not paid the occupation tax required by this statute, and had not, as required by law, taken out his license therefor, in so far as it relates to State and county tax. This is not denied, but clearly shown. It is contended, however, that, under the facts, he is not brought within the provision of the statute, because he was not a traveling specialist, as set forth in the indictment. The testimony shows, in so far as it relates to this phase of the case, that appellant lived at Navasota, in Grimes County, and that upon one occasion a couple of gentlemen from Bryan, in Brazos County (an adjoining county to Grimes), went to Navasota, and sought the services of the appellant as a medical specialist. He being absent from Navasota, a request was left that he should attend the call of these gentlemen at Bryan upon his return. This request he complied with, and made two appointments each month to attend cases in his line of practice at Bryan. It may be conceded that twice during the month appellant visited Bryan as a medical specialist. That he was a specialist we think the testimony sufficiently establishes. The case then turns upon whether or not appellant, as a specialist, was "traveling from place to place in the practice of his profession." As we understand the expression, "traveling from place to place" does not apply in cases like the one before us. So far as the record shows, defendant had a fixed place of business at Navasota. If this was not true, it should have been shown. We do not understand this expression, "traveling from place to place," to refer to physicians, surgeons, medicial or other specialists who are enumerated in the statute, or to relate to those who have an office or place of business, and attend calls in their profession at other and different places in other and different counties than the place of their location. As we understand this term, "traveling from place to place," it refers to those parties enumerared in the statute who go from place to place traveling over the State, pursuing their occupation, calling, or profession in that manner. We would not be understood as holding that a person may not have an office or place of residence, in which he pursues his occupation, at some particular point in the State, and not be amenable to the law as a traveler—that is, one going from place to place pursuing his occupation; but in such case, to be a traveler, pursuing his occupation in the State, he must travel from place to place, pursuing his vocation in an itinerant method. The case before us is not within that category. Here the physician or specialist had two places of business. Part of his time he spent at one, and the other part of his time at the other place. This does not carry with it the idea of itineracy, or traveling from place to place, as we understand the meaning of this term, within the purview of the law. Under the facts before us, we do not believe the appellant is guilty of the charge contained in the indictment. The judgment is therefore reversed, and the cause remanded.

*Reversed and Remanded.*