### J. L. G. ADAMS v. THE STATE.

No. 2840. Decided February 10, 1904.

**Occupation Tax—Medical Specialist.**

Where the evidence shows that appellant maintained offices in different counties and divided his time between them and treated patients at stated intervals, he does not come within the scope of article 5049, Revised Civil Statutes, as a traveling physician or other specialist subject to an occupation tax as such.

Appeal from the County Court of Young. Tried below before Hon. Jo. W. Akin.

Appeal from a conviction for pursuing the occupation of a medical specialist; penalty, a fine of $75.

The opinion states the case.

*Jno. B. Kay,* for appellant.—The court erred in refusing appellant's requested charge to the jury as follows: "The jury are charged that in order to warrant a conviction you must find that defendant was a trav-

eling oculist. One who has more than one office is not necessarily a traveling specialist. By the term traveling specialist is meant one who has no fixed place of business, but one who is itinerant and unfixed."

Appellant being a specialist who maintained an office at Graham and two others, one in Eliasville, in Young County, and one at Bryson, twelve miles east, between which offices he divided his time, was not a traveling specialist within the law. Hairston v. State, 37 S. W. Rep., 858; Broiles v. State, 68 S. W. Rep., 685.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of pursuing the occupation of a medical specialist, traveling from place to place, without having paid the occupation tax prescribed by article 5049, Revised Civil Statutes, his punishment being assessed at a fine of $75. The undisputed facts show that appellant came to Graham, about May 1, 1903, and established and equipped an office; that he maintained an office at Eliasville, in Young County, and at Jacksboro and Bryson, in Jack County; that appellant divided his time between these offices, and kept an assistant at each place, and treated patients at the places at stated intervals. That prior to coming to Graham he had his headquarters and lived at Mineral Wells, and had practiced there and at Jacksboro; and had lived at Mineral Wells eighteen months. That upon leaving Mineral Wells he moved with his wife and children to Graham, where they lived at a hotel, up to within three weeks of the time of filing the information, when his wife and children went on a visit to relatives at Quanah. Appellant received his mail at Graham, which was his headquarters, and practiced nowhere except at his offices before mentioned. In our opinion these facts do not constitute appellant a traveling physician as contemplated by article 5049, supra. For a full discussion of the matter see Hairston v. State, 36 Texas Crim. Rep., 470; Broiles v. State, 5 Texas Ct. Rep., 231.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*