### Ex Parte Frank Kent.

**Habeas Corpus—Travelling Physician—Indictment—Practice.**

The writ of habeas corpus can not be used to try a violation of the law as an original proceeding in the Court of Criminal Appeals, to ascertain the guilt or innocence of a party on an indictment charging him to be a travelling physician without license.

From Bexar County.

Original application for habeas corpus for release from arrest under a capias issued on an indictment charging relator to be a traveling physician without license.

The opinion states the case.

*Cobbs & Hildebrand,* for relator.

*Howard Martin,* Assistant Attorney-General, for the State.—Art. 194, Code Crim. Proc.; Parker v. State, 5 Texas Crim. App., 579; Ex parte Bishop, 2 Texas Ct. Rep., 20.

DAVIDSON, Presiding Judge.—An original application for the writ of habeas corpus was granted by this court. The statement of fact shows that applicant was arrested as a traveling physician practicing his profession in DeWitt County, without paying the tax required of this class of physicians. The indictment on its face charges an offense. Relator's contention is that these facts do not show a violation of the law. The writ of habeas corpus can not be used to try a violation of the law as an original proceeding in this court. That is, it cannot be resorted to to ascertain the guilt or innocence of a party. We are not discussing the question of bail. The facts stated, if shown upon the final trial, bring it within the rule laid down in Hairston v. State, 36 Texas Crim. Rep., 270; Broiles v. State, 68 S. W. Rep., 685; Adams v. State, 45 Texas Crim. Rep., 566; 78 S. W. Rep., 935,

and would therefore entitle applicant to discharge from custody. We think it better to make this statement, in view of the fact that applicant is held to answer an indictment charging him to be a traveling physician. We therefore remand applicant to custody for said trial, and it is so ordered; and that he pay the costs incurred in this court.

*Relator remanded.*

Henderson, Judge, absent.