## EX PARTE G. E. KENNEDY.

No. 17342.   Delivered November 28, 1934.
Rehearing Denied February 6, 1935.

The opinion states the case.

*Philip I. Palmer, Jno. C. Harris, Howard Dailey,* and *Graves & Long,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—By way of habeas corpus appellant sought release from jail.   He appeals from an order remanding him.

Appellant questions the constitutionality of the zoning ordinance of the city of Dallas.   A section of the ordinance similar in purpose and effect to the section here involved was upheld by the Supreme Court in Lombardo v. City of Dallas, 73 S. W. (2d) 475.   The contentions there made were substantially the same as those presented in the present case.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Relator was prosecuted in the corpor-

ation court of the city of Dallas charged with violation of the zoning ordinance of said city in that he was conducting a business where same was prohibited. He was convicted in said court and fined $25.00. He appealed to the County Criminal Court of Dallas County, where he was again tried and assessed a fine of $25.00. He could not appeal to this court from that conviction under the provisions of art. 53, C. C. P., which denies appellate jurisdiction to this court where a case has been appealed from an inferior court to the county court, and the fine imposed in the latter court does not exceed $100. Relator by writ of habeas corpus assailed the constitutionality of the zoning ordinance, and being remanded by the district judge appealed to this court. Under the circumstances stated the only question which can receive our attention is whether the ordinance under which relator was convicted is unconstitutional. Whether the facts show him to be guilty of a violation of the provisions of the ordinance will not be inquired into, because to do so would be in opposition to art. 53, C. C. P., and permit relator to do indirectly that which he cannot do directly, viz: under the guise of a habeas corpus proceeding secure at the hands of this court a review of the facts as to whether relator violated the ordinance. Ex parte Kent, 49 Texas Crim. Rep., 12, 90 S. W., 168; Ex parte Rogers, 83 Texas Crim. Rep., 152, 201 S. W., 1157; Ex parte Drenner, 67 S. W. (2d) 870; Ex parte Hernandez, 71 S. W. (2d) 289; Ex parte Vaughan, 93 Texas Crim. Rep., 112, 246 S. W., 373.

The opinion of the Supreme Court of this State in Lombardo v. City of Dallas, 73 S. W. (2d) 475, has upheld the constitutionality of the zoning ordinance of the city of Dallas. Relator seems to concede that said case is decisive of the question as to the general attack upon the constitutionality of said ordinance, but urges that it should be held unconstitutional as it relates to the restriction in the use of the particular property of relator involved in the prosecution. We are referred to Nectow v. City of Cambridge, 277 U. S., 183, 72 L. Ed., 842, as supporting relator's position. There the property involved had by a zoning ordinance been put in a district where only dwellings, hotels, clubs, churches, etc., were permitted. It was found as a fact that no practical use could be made of the land in question for residential purposes. The opinion states: "It is made pretty clear that because of the industrial and railroad purposes to which the immediately adjoining lands to the south and east have been devoted and for which they are zoned, the locus is

of comparatively little value for the limited uses permitted by the ordinance."

No such issue was made in the instant case, hence Nectow's case seems to have no application here.

The motion for rehearing is overruled.

*Overruled.*