## EX PARTE L. T. HOBBS.

No. 21761.   Delivered November 19, 1941.
Rehearing Denied January 7, 1942.

The opinion states the case.

*J. O. Hughes,* of Fort Worth, for appellant.

*Marvin H. Brown, Jr.,* Criminal District Attorney, and *Harry N. Ward* and *John E. McLean,* Assistant District Attorneys, all of Fort Worth, for respondent Tarrant County.

*R. E. Rouer, Geo. C. Kemble,* and *Langford Carlton,* all of Fort Worth, for respondent City of Fort Worth.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The City of Fort Worth, under authority of, what is hereinafter referred to as, the "Zoning Act," being Chap. 283, Acts 1927, 40th Legislature, and appearing as Arts. 1011a to 1011j, Vernon's Annotated Revised Civil Statutes, passed a "Zoning Ordinance" by which the area comprising that city was, under a comprehensive plan, divided into certain districts or zones, in which the construction, maintenance and use of buildings in such districts were restricted and regulated. The ordinance made it unlawful, among other things, to use a building for a purpose other than that permitted in the district where located, and provided a punishment by fine of not less than Five nor more than Fifty Dollars for a violation. Each day's violation constituted a separate offense.

Appellant was charged, by complaint in the corporation court, with a violation of the ordinance, it being alleged that he had used a building located in a residence district for a printing shop—a use not permitted but prohibited in such district. Upon trial, he was convicted, from which conviction he appealed to the County Court at Law No. 1 of Tarrant County, where he was again convicted and his punishment fixed at a fine of Five Dollars; in default of the payment of which fine he was, by virtue of the authority of a capias pro fine, arrested and taken into custody by the Sheriff of Tarrant County. Appellant, as relator, sought his release by writ of habeas corpus before the judge of said county court, in which he attacked the ordinance under which he was convicted as being void. From the order remanding him to the custody of the arresting officer this appeal has been perfected.

It is no longer an open question in this State but that zoning ordinances passed under the authority of the Zoning Act are valid. This question was settled by the Supreme Court of this State in Lombardo v. City of Dallas et al, 73 S. W. (2d) 475, 124 Texas 1. The conclusions there reached are in keeping with ours.

The question as to the validity of a penal ordinance passed under the authority of the Zoning Act was settled by this court in Ex parte Kennedy, 78 S. W. (2d) 627, 128 Tex. Cr. R. 21, in which case a conviction was had for the violation of a penal ordinance passed under authority of said Act. The penalty there inflicted was that authorized in the ordinance. The validity of the ordinance was attacked by writ of habeas corpus. The judgment of the trial court upholding the validity of the ordinance and the penalty assessed therein was affirmed by this court.

If we understand appellant's attack upon the ordinance under which he was convicted, it is: (a) that the Zoning Act did not authorize the passage of a penal ordinance; and (b) that any penal ordinance passed under the authority of said Act was and would be class legislation and was and would be violative of the equal protection clause of our State Constitution (Art. I, Sec. 19) and of the Fourteenth Amendment to the Constitution of the United States.

By the Zoning Act, the Legislature conferred upon the City of Fort Worth legislative authority to pass the zoning ordinances, as being a proper subject for the exertion of the police power. Lombardo v. City of Dallas et al, supra. The power to punish for a violation of such ordinances being necessary and incident to the full accomplishment of the purpose of the Act, it was, therefore, necessarily included as a part of the authority so granted. Moreover, Art. 1011h of the Act expressly authorized the infliction of both civil and criminal penalties for the violation of ordinances passed under the power conferred therein.

It is true, as claimed by appellant, that, under Art. 1011h of the Act, the violation of ordinance passed under the authority conferred by the Act was declared to be a misdemeanor; yet such applied only to such ordinances as were thereafter passed. No complete criminal offense was created in the Act. Nor has the Legislature by general law otherwise attempted to

define as an offense, or to make penal, the acts constituting a violation of that part of the zoning ordinance here under consideration.

From what we have said, it follows that appellant's contention that the City of Fort Worth was without authority to pass the ordinance as a penal measure is untenable and is overruled.

Appellant's contention relative to class legislation or equal protection rests upon the proposition that, under the Act, each city in this State may fix a different punishment from that of other cities, for the same act, thereby authorizing class legislation. Equal protection, as guaranteed by our State and Federal Constitution, means only that laws must require the same treatment of all who are, in like circumstances, conditions or class, amenable thereto. Ex parte Sizemore, 8 S. W. (2d) 134, 110 Tex. Cr. R. 232. Here the unit or class dealt with are the inhabitants of the City of Fort Worth, and as to them the ordinances have equal application and are equal and uniform. No other person or class of persons outside of that city are affected by such ordinance. The ordinance applies, alone, to that city. It is not, therefore, class legislation, and is not subject to the claimed constitutional invalidity.

The ordinance under which appellant was convicted being valid, it follows that the judgment of the trial court should be affirmed. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant reiterates the same complaints against the constitutionality of the ordinance in question that he presented on the original submission of his case. We have again reviewed the record in the light of his contentions but see no good reason for receding from the conclusion reached by us as expressed in our original opinion.

Appellant now contends that he comes within the classification of an artist and is therefore exempt from prosecution under

the ordinance in question inasmuch as physicians, · surgeons and artists are expressly exempt therein. The question as to whether or not he comes within the exemption specified in the ordinance is a matter of defense which he could raise, and which he no doubt did raise, on the original trial of his case but which he cannot on a habeas corpus hearing, by an attack on the validity of the ordinance, litigate in this proceeding. The only question before us in this proceeding is the validity of the ordinance and not any defensive matter which he might have raised on the trial in the county court.

Believing that the case was properly disposed of on the original submission, the appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.