# NO. 12-13-00269-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID SCHLITTLER,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *OPINION*

David Schlittler appeals his conviction for unlawfully contacting a family member of the child he had been convicted of sexually assaulting. A jury found him guilty and sentenced him to eight years of imprisonment. In two issues, he contends the statute under which he was convicted is unconstitutional. We affirm.

## BACKGROUND

In April 2008, Appellant began serving a twenty year sentence for aggravated sexual assault of a child, B.M., his stepdaughter. Before that judgment was signed, Appellant's ex-wife had obtained an order permanently enjoining Appellant from having any contact with his son, and B.M.'s half brother, B.S., except for certain periods of possession.

Bonita Ralston met Appellant in 2003, eventually becoming like a mother to him. Ralston, who believed Appellant was innocent, remained in contact with him after his incarceration. In July 2008, she began communicating with B.S. through social media. In this manner, she relayed messages to B.S. from Appellant, urging B.S. to convince his half sister to tell authorities that she had lied about having been assaulted. Appellant was indicted for violation of Texas Penal Code Section 38.111, which makes it an offense for persons convicted of certain offenses, including aggravated sexual assault of a child, while confined in a

correctional facility, to contact a victim of the offense or a member of the victim's family. The jury found Appellant guilty of improper contact in violation of the Texas Penal Code and sentenced him to eight years of imprisonment. This appeal ensued.

## CONSTITUTIONALITY OF SECTION 38.111

Appellant contends that Texas Penal Code Section 38.111, as applied to him, violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In 2007, a court having jurisdiction over the parent-child relationship between Appellant and B.S. rendered an order permanently enjoining Appellant from having any contact with B.S., including contact through Bonita Ralston, except during periods of possession. While Appellant is incarcerated, there are no periods of possession. Accordingly, the 2007 order limited Appellant's rights to the care, custody, and management of B.S. As the State argues, the statute could not have violated rights that had been previously enjoined.

### Standard of Review

The constitutionality of a criminal statute is a question of law, which we review de novo. *Render v. State*, 316 S.W.3d 846, 856 (Tex. App.–Dallas 2010, pet. ref'd). A litigant raising an "as applied" challenge concedes the general constitutionality of the statute, and must show only that the statute, though generally constitutional, is unconstitutional because of the way in which it was applied to him in a particular case. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) (orig. proceeding). We will uphold a statute if we determine a reasonable construction that will render it constitutional. *See Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979).

### Applicable Law

Texas Penal Code Section 38.111 provides as follows:

> A person commits an offense if the person, while confined in a correctional facility after being charged with or convicted of an offense listed in Article 62.001(5), Code of Criminal Procedure, contacts by letter, telephone, or any other means, either directly or through a third party, a victim of the offense or a member of the victim's family, if:
> (1) the victim was younger than 17 years of age at the time of the commission of the offense for which the person is confined; and
> (2) the director of the correctional facility has not, before the person makes contact with the victim:
> (A) received written and dated consent to the contact from:
> (i)     a parent of the victim;
> (ii)    a legal guardian of the victim;

          (iii)       the victim, if the victim is 17 years of age or older at the time of giving the consent; or

          (iv)       a member of the victim's family who is 17 years of age or older; and

     (B)  provided the person with a copy of the consent.

TEX. PENAL CODE ANN. § 38.111(a) (West 2011).

## Due Process

In his first issue, Appellant contends that Texas Penal Code Section 38.111, as applied to him, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. He argues that application of the statute to him impinges upon his fundamental interest in the care, custody, and management of his child, B.S. Specifically, he argues that the statute's prohibition against contact with "a member of the victim's family" is overly broad and the state has no compelling interest justifying interference with his parental rights.

Due process is the vehicle used to arrive at fairness, thereby protecting our fundamental rights. *Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), *overruled in part on other grounds, Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). In a substantive due process analysis, we determine whether the claimant had a protected liberty interest, and if the government deprived him of that interest capriciously and arbitrarily. *See Laney v. State*, 223 S.W.3d 656, 667 (Tex. App.–Tyler 2007, no pet.). If the right involved is a fundamental right, the state must show a compelling interest to curtail it and must do so as narrowly as possible. *See Reno v. Flores*, 507 U.S. 292, 301-02, 113 S. Ct. 1439, 1447, 123 L. Ed. 2d 1 (1993).

We agree that, ordinarily, parents have a fundamental interest in the care, custody, and management of their children. *See Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2060, 147 L. Ed. 2d 49 (2000). The natural right that exists between parents and their children is one of constitutional dimensions. *In re J.W.T.*, 872 S.W.2d 189, 194-95 (Tex. 1994). However, the rights of natural parents are not absolute; protection of the child is paramount. *Id*. at 195. The parents' rights can be limited or even terminated. *See* TEX. FAM. CODE ANN. § 161.001 (West 2014). It seems indisputable that protecting children is a legitimate government interest. *See Fleming v. State*, No. PD-1250-12, 2014 Tex. Crim. App. LEXIS 879, at *14 (Tex. Crim. App. June 18, 2014) (sexual assault statutes protect children from sexual abuse); *Henderson v. State*, 962 S.W.2d 544, 562 (Tex. Crim. App. 1997) (state has compelling interest in protecting the well-being of its children).

The statute, as applied, did not deprive Appellant of a fundamental interest capriciously or arbitrarily. Section 38.111, which is triggered by Appellant's criminal behavior, protects B.M. and her family members from Appellant. The State has a compelling interest in protecting victims of criminal activity, and their families, even if they are all members of the same family. *See* **Henderson**, 962 S.W.2d at 562. Moreover, Appellant was attempting to communicate with B.M. through B.S., a situation the statute helps guard against. Further, the statute acknowledges that, in some instances, the parent or legal guardian of the victim may deem it appropriate for the person who committed the offense to contact the victim or a member of the victim's family. TEX. PENAL CODE ANN. § 38.111(a)(2). This provision works to narrow the statute. Section 38.111, as applied to Appellant, does not violate the Due Process Clause of the Fourteenth Amendment. We overrule Appellant's first issue.

## Equal Protection

In his second issue, Appellant asserts that Texas Penal Code Section 38.111, as applied to him, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. He argues that the penal code creates a class of persons confined in a correctional facility after being charged with or convicted of a certain sexual or sexually motivated offense. He further argues that the governmental interest here, protecting sexual assault victims from further victimization, is unrelated to suppression of his parental rights.

No state may deny to any person within its jurisdiction the equal protection of the laws. U.S. CONST. amend. XIV, § 1. While a state may classify its citizens for various purposes, all persons similarly situated should be treated alike. **Downs v. State**, 244 S.W.3d 511, 518 (Tex. App.–Fort Worth 2007, pet. ref'd); **Smith v. State**, 444 S.W.2d 941, 943 (Tex. Civ. App.–San Antonio 1969, writ ref'd n.r.e.). In cases involving fundamental rights, the burden is on the state to show a substantial justification to support the differentiation. **Smith**, 444 S.W.2d at 946. Statutes that interfere with fundamental rights are evaluated under strict scrutiny. **Kiss v. State**, 316 S.W.3d 665, 668 (Tex. App.–Dallas 2009, pet. ref'd).

Appellant notes that Section 38.111 does not apply to violent offenses that are not sexually motivated and so murderers, kidnappers, and armed robbers are excluded from the class. To the extent Appellant contends an equal protection violation stems from the fact that Section 38.111 applies only to some, but not all, of the individuals confined in a correctional facility, we disagree. The class created is defined by the particular crime committed, not the broader factor

of being a convict who currently resides in a correctional facility.  *See* TEX. PENAL CODE ANN. § 38.111.  The crimes carved out by Section 38.111 all involve physical and emotional harm of a particularly sensitive nature.   The need to protect victims of these particular crimes, as well as their families, justifies the classification.  *See **Henderson***, 962 S.W.2d at 562; *see also* TEX. FAM. CODE ANN. § 81.001 (West 2014) (authorizing protective orders against those who have committed or are likely to commit family violence).  As to the class members, Section 38.111 has equal application.  *See **Ex parte Hobbs***, 157 S.W.2d 397, 398-99 (Tex. Crim. App. 1941).  Thus, the statute provides equal treatment for all class members' fundamental rights of parenting.  *See **Downs***, 244 S.W.3d at 518.  To apply the statute to some members of the class but not to those class members whose parental rights might be affected, like Appellant, would result in a failure to protect their victims from further victimization, thereby reducing the effectiveness of the statute.  Moreover, such an application could lead to subjective and arbitrary determinations of which convicted sex offenders are exempt and would create an equal protection violation.  Penal Code Section 38.111, as applied to Appellant, does not violate the Equal Protection Clause of the Fourteenth Amendment.  *See **Ely***, 582 S.W.2d at 419.  We overrule Appellant's second issue.

## DISPOSITION

Texas Penal Code Section 38.111, as applied to Appellant, does not violate the Due Process or Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.  Accordingly, we ***affirm*** the trial court's judgment.

SAM GRIFFITH
Justice

Opinion delivered October 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 30, 2014**

**NO. 12-13-00269-CR**

**DAVID SCHLITTLER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30390)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*