# NO. 12-21-00141-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DAVID SCHLITTLER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

David Schlittler, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion to appoint counsel.[1]  According to Relator, he filed a motion to appoint counsel and a supporting document with the Anderson County District Clerk on or about February 16, 2021.  He provides this Court with an un-file marked copy of the motion, in which he sought appointment of counsel under Article 1.051(d)(3) of the Texas Code of Criminal Procedure.[2]  The following documents are also included in Relator's appendix: (1) an un-file marked February 16 letter to the District Clerk requesting filing of his motion and forwarding of the motion to Respondent, (2) an un-file marked February 16 letter to Respondent informing him that Relator filed a motion to appoint counsel for a habeas corpus proceeding and requesting that Respondent either set a hearing on the motion or appoint counsel, (3) an un-file marked March

---

[1] Respondent is the Honorable Mark A. Calhoon, Judge of the 3rd District Court in Anderson County, Texas.  The State of Texas is the Real Party in Interest.  Respondent was previously convicted of unlawfully contacting a family member of the child he had been convicted of sexually assaulting.  *Schlittler v. State*, 476 S.W.3d 496 (Tex. App.—Tyler 2014), *aff'd* 488 S.W.3d 306 (Tex. Crim. App. 2016).  This Court affirmed his conviction.  *See id.*  This original proceeding arises from that case.

[2] Under Article, 1.051(d)(3), an eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in a habeas corpus proceeding *if the court concludes that the interests of justice require representation*.  TEX. CODE CRIM. PROC. ANN. art. 1.051(d) (West Supp. 2020) (emphasis added).  "Interests of justice" "refers to a judge's *discretion* to make a ruling in the interests of fairness and equity in a particular situation depending on the facts."  *Ex parte Wilhite*, WR-84,278-01, 2016 WL 3453852, at *2 (Tex. Crim. App. June 15, 2016) (order, not designated for publication) (Alcala, J., concurring).  An indigent inmate may eventually receive legal counsel to pursue his application for writ of habeas corpus, but his initial effort in preparing his application for a writ of habeas corpus will likely be pro se. *In re Bonilla*, 424 S.W.3d 528, 532 (Tex. Crim. App. 2014).

23 letter to Respondent seeking review of his motion with or without a hearing, (4) an un-file marked April 13 letter to Respondent asking that his motion be reviewed and counsel appointed, (5) letters to the Colorado City, Texas post master and the Bellville, Texas post master inquiring about the certified mail green card for the April 13 letter, (6) a un-file marked June 22 letter to Respondent requesting a hearing on his motion, and (7) an un-file marked July 2 letter to the District Clerk asking whether his motion has been presented to Respondent and requesting a copy of the docket sheet.

"If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). To obtain a writ of mandamus in this context, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). A trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See id.*

Relator's mere statement that his motion was filed is insufficient to reasonably infer that Respondent had notice of the filed motion and of the need to act on it. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (trial court not required to consider motion not called to its attention; even showing motion was filed with clerk does not prove motion was brought to trial court's attention or was presented to trial court with request for ruling); *see also Chavez*, 62 S.W.3d at 228 (clerk's knowledge not imputed to trial court). And the record does not demonstrate that the letters Relator purportedly sent were ever actually received by their intended recipients. *See In re Taylor*, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (relator's letters to court were not file-marked or accompanied by other evidence showing their receipt, and did not show "the trial court received, was aware of, and was asked to rule on his pleadings[ ]"). Nor does Relator's petition contain evidence, such as a docket sheet, demonstrating that the trial court has not ruled on his motion. *See In re Creag*, No. 12-17-00191-CV, 2017 WL 2665987, at *1 (Tex. App.—Tyler June 21, 2017, orig. proceeding) (mem. op.); *see also In re Vasquez*, No. 05-15-

2

00592-CV, 2015 WL 2375504 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (denying petition that failed to include a docket sheet or other form or proof that trial court had not ruled on motion). Accordingly, under these circumstances, Relator has not established his entitlement to mandamus relief.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** Relator's petition for writ of mandamus. All pending motions are ***overruled as moot***.

Opinion delivered September 15, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 15, 2021**

**NO. 12-21-00141-CR**

**DAVID SCHLITTLER,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by David Schlittler; who is the relator in appellate cause number 12-21-00141-CR, and the defendant in trial court cause number 30390, formerly pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on August 23, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4